Bosch v. Kassing et al.

BOSCH v. KASSING ET AL.

1. **Default:** WHAT ADMITTED BY: JUDGMENT UPON NOT WARRANTED BY PETITION. A default is an admission of the cause of action stated in the petition, but, where the petition fails to state a cause of action, a default is not an admission that anything is due the plaintiff, and a judgment against a defendant by default in such a case is not warranted, and was properly set aside in this case upon motion made in due time.

2. **Pleading:** PETITION ON PROMISSORY NOTE: ALLEGATIONS TO BIND INDORSER BEFORE DUE. A petition upon a promissory note against the maker and indorser thereof, which shows that it was indorsed before due, but fails to allege that any demand of payment was made of the maker, and notice of non-payment given to the indorser, does not state a cause of action against the indorser, and will not support a judgment by default against him.

3. **Promissory Note:** WHEN DUE: DAYS OF GRACE. A promissory note indorsed during the days of grace is indorsed before due, and the indorser's rights are to be determined accordingly.

4. **Decree:** SIGNING DRAFT OF BY JUDGE: NOT CONCLUSIVE. The signing by the judge of a draft of a decree prepared by counsel is not the sign-

ing of the record required by § 176 of the Code, and, though recorded by the clerk, it does not preclude the court from amending or expunging it at any time before the record proper is signed, as provided by § 178 of the Code.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, SEPTEMBER 17.

PLAINTIFF filed his petition in the court below, and demanded a judgment against the defendants upon a promissory note, and a decree foreclosing a mortgage upon certain real estate, given by Henry Kassing and Celinda Kassing, to secure the payment of the note. At the September term, 1883, of said court, Henry Kassing and Celinda Kassing appeared by counsel. The defendant, Loper, made default. A judgment and decree were rendered as prayed against all of the defendants. At the next term of the court the defendant, Loper, appeared and moved the court to correct the record and expunge the personal judgment rendered against him, upon the ground that plaintiff was not entitled to such judgment against him upon the pleadings and evidence, and that said judgment was improperly and irregularly rendered, and was a mistake which escaped the attention of the court. The motion was sustained. Plaintiff appeals.

*T. B. Snyder* and *John Greener*, for appellant.

*Hall & Huston*, for appellees.

ROTHROCK, CH. J.—It appears from the averments of the petition that on the first day of March, 1877, the defendants, Henry Kassing and Celinda Kassing, executed and delivered their promissory note to the defendant, Loper, by which they promised to pay to the order of Loper the sum of $1,100 in five years, and that on the first day of March, 1882, Loper indorsed the note to the plaintiff,—the indorsement being in these words: "For value received, I hereby assign the within note to John G. Bosch, March 1, 1882.

"W. R. LOPER."

It will be observed that the indorsement was made before the note became due. The three days of grace provided by law had not yet expired. It was not averred in the petition that any demand of payment was made of the makers, and notice of non-payment given to Loper, the indorser. It is very plain, therefore, that the allegations of the petition did not constitute a cause of action against Loper, and the court was not authorized to render a judgment against him. A default is an admission of the cause of action stated in the petition, and that something is due to the plaintiff. But where no cause of action is stated in the petition a default can have no such effect. It is true that a defendant may be concluded by a default where the facts stated in the petition do not constitute a good cause of action in law, or where the petition is so defective as to be vulnerable to a demurrer; but, where the petition omits the necessary averment to show liability against the defendant, the court may and should, even upon default, refuse to enter judgment.

It appears from the record in this case that at the term at which the judgment was entered a formal decree was prepared by counsel in the case, and the same was signed by the judge, and the clerk copied it into the records of the court. But the records of the term had not been signed by the judge, as required by section 176 of the Code, up to the time defendant presented his motion to correct the same by expunging the judgment against him. It is provided in section 178 of the Code that "the record aforesaid is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge."

The practice of procuring the signature of the judge to a form of the decree is to be commended. It tends to secure accurate records, but it is not the signing of the record contemplated by statute. It is true, also, that the recording, correction and approval of the record, and the signature of the judge, are not essential to its validity, but executions may

issue, and all other proceedings take place, before it is signed and approved by the judge. Code, § 177. And judgments and decrees thus entered, and not signed and approved, cannot be collaterally attacked. *Traer Bros. v. Whitman et al.,* 56 Iowa, 443.

The motion made in this case was a direct attack upon the record, made within the time prescribed by section 178 of the Code, and we think the court was authorized to amend the same by making such a record as should have been made upon the pleadings and facts in the case.

AFFIRMED.