[No. 6317. Decided November 9, 1906.]

STARK BROTHERS, *Appellants*, v. ALLEN ROYCE, *Respondent*.[1]

EXECUTION—SALE—CONFIRMATION—INVALID JUDGMENT. Where a judgment purporting to foreclose a mortgage lien is void, in so far as it authorizes a sale of premises, the court may refuse to confirm the sale, upon the objection of the defendant who defaulted, and in such proceeding may determine whether the judgment must be set aside.

JUDGMENTS—VACATION—NOTICE. Vacation of a judgment cannot be objected to for want of notice, where the record shows service of notice of motion and an appearance by the party to contest the motion.

SAME—MODIFICATION FOR IRREGULARITY. A judgment irregularly obtained is properly modified upon motion.

SAME—INVALIDITY. A void judgment may be set aside upon motion.

SAME—VACATION OF DEFAULT—IRREGULARITY. A default judgment beyond the purport and scope of the pleadings is irregularly obtained, rather than erroneous, and may be set aside on motion.

CONTRACTS—CONSTRUCTION—AGREEMENT FOR PAYMENT OF MONEY OR MORTGAGE. A contract to purchase fruit trees reciting that the purchaser is the owner of certain lands and that he "binds himself, his heirs, assigns and grantees" of said lands, cannot be treated as a mortgage of the premises, but is a simple contract for the payment of money.

Appeal from orders of the superior court for Chelan county, Steiner, J., entered March 24, 1906, and April 3, 1906, sustaining objections to the confirmation of a sale of land and vacating a judgment therein, on motions of the defendant. Affirmed.

*A. W. Barry* (*Wm. C. Brown* and *Ira Thomas*, of counsel), for appellants, contended, among other things, that the judgment, being regular upon its face, and no objections being made to matters concerning the regularity of the execution

[1]Reported in 87 Pac. 340.

sale, plaintiffs were entitled to an order confirming the sale. *Krutz v. Batts*, 18 Wash. 460, 51 Pac. 1054; *Leinenweber v. Brown*, 24 Ore. 548, 34 Pac. 475, 38 Pac. 4; *Fitch v. Minshall*, 15 Neb. 328, 18 N. W. 80; *Bear v. Bookmiller*, 3 Ohio Cir. Ct. 484; *Cowdin v. Cowdin*, 31 Kan. 528, 3 Pac. 369; *Koehler v. Ball*, 2 Kan. 160, 83 Am. Dec. 451; *Challiss v. Wise*, 2 Kan. 193; *Bachle v. Webb*, 11 Neb. 423, 9 N. W. 473; *Hoover v. Hale*, 56 Neb. 67, 76 N. W. 457; *Beatrice Paper Co. v. Beloit Iron Works*, 46 Neb. 900, 65 N. W. 1059. The motion to vacate the judgment would not avail, for the statute requires it to be by petition, etc., and this remedy is exclusive. Bal. Code, § 5156; *State ex rel. Post v. Superior Court*, 31 Wash. 53, 71 Pac. 740; *Walton v. Hartman*, 38 Wash. 34, 80 Pac. 196. The court had no authority to vacate or modify the decree for error in law. *Tacoma Lumber & Mfg. Co. v. Wolff*, 7 Wash. 478, 35 Pac. 115, 755; *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182; *Bank of United States v. Moss*, 6 How. 31, 12 L. Ed. 590; *Schell v. Dodge*, 107 U. S. 629, 2 Sup. Ct. 830, 27 L. Ed. 601; *Phillips v. Negley*, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013; *In re Washington etc. R. Co.*, 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339; *Gaines v. Rugg*, 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432; *Bank v. Labitut*, 1 Woods (U. S.) 11; *Crabtree v. Neff*, 1 Bond (U. S.) 555; *Eagle Mfg. Co. v. Draper*, 14 Blatch. (U. S.) 334; *Fischer v. Hayes*, 6 Fed. 63; *United States v. Malone*, 9 Fed. 897; *Allen v. Wilson*, 21 Fed. 881; *Morgan's Louisiana etc. R. Co. v. Texas etc. R. Co.*, 32 Fed. 525; *Klever v. Seawall*, 65 Fed. 373; *Ex Parte Cresswell*, 60 Ala. 378; *Loney v. Bailey*, 43 Md. 10; *Mason v. Pearson*, 118 Mass. 61; *State ex rel. Ozark County v. Tate*, 109 Mo. 265, 18 S. W. 1088, 32 Am. St. 664; *Fredericks v. Davis*, 6 Mont. 460, 13 Pac. 125; *Edwards v. Janesville*, 14 Wis. 27; *Aetna Life Ins. Co. v. McCormick*, 20 Wis. *265; *Lincoln Bank v. Perry*, 66 Fed. 887; *Woffenden v. Woffenden*, 1 Arizona 328, 25 Pac. 666; *Roberts v. Haggart*, 4 Dak. 210; *Dick Co. v. Nickelman*, 77 Fed. 853; *Sexton v. Rock Island*

*Lumber etc. Co.*, 49 Kan. 153, 30 Pac. 164; *Center Township v. Marion County*, 110 Ind. 579, 10 N. E. 291; *Grannis v. Superior Court*, 146 Cal. 245, 79 Pac. 891, 106 Am. St. 23; *Dufur v. Home Inv. Co.*, 122 Wis. 470, 100 N. W. 831. The instrument is in law an equitable mortgage or lien upon the land described therein. *Curtis v. Janzen*, 7 Wash. 58, 34 Pac. 131; *Society of Shakers v. Watson*, 68 Fed. 730; *Donald v. Hewitt*, 33 Ala. 534, 73 Am. Dec. 431. No particular form of words are required to constitute an equitable mortgage or lien upon land. *Whitney v. Richardson*, 13 N. Y. Supp. 861; *Payne v. Wilson*, 74 N. Y. 348; *Bell v. Pelt*, 51 Ark. 433, 11 S. W. 684, 14 Am. St. 57, 4 L. R. A. 247; *Racouillat v. Sansevain*, 32 Cal. 376; *Margarum v. Christie Orange Co.*, 37 Fla. 165, 19 South. 637; *Brown v. Brown*, 103 Ind. 23, 2 N. E. 233; *Higgins v. Manson*, 126 Cal. 467, 58 Pac. 907, 77 Am. St. 192; *Dulaney v. Willis*, 95 Va. 606, 29 S. E. 324, 64 Am. St. 815; *Peers v. McLaughlin*, 88 Cal. 294, 26 Pac. 119, 22 Am. St. 306; *McQuie v. Peay*, 58 Mo. 56; *Martin v. Nixon*, 92 Mo. 26, 4 S. W. 503; *Wood v. Holly Mfg. Co.*, 100 Ala. 326, 13 South. 948, 46 Am. St. 56; *Campbell v. Roddy*, 44 N. J. Eq. 244, 14 Atl. 279, 6 Am. St. 889; *Hamilton Trust Co. v. Clemes*, 163 N. Y. 423, 57 N. E. 614; *Vaniman v. Gardner*, 99 Ill. App. 345; *Wayt v. Carwithen*, 21 W. Va. 516; *Moore v. Lackey*, 53 Miss. 85; *Richardson v. Barrick*, 16 Iowa 407; *Robinson v. Farrelley*, 16 Ala. 472; *Dunman v. Coleman, Mathis & Fulton*, 59 Tex. 199; *Flagg v. Mann*, 2 Sum. (U. S.) 486; *Fisk v. Stewart*, 24 Minn. 97; *Newlin Fernley & Co. v. McAfee*, 64 Ala. 357; *Anthony v. Anthony*, 23 Ark. 479. The order refusing confirmation of sale of the real estate is appealable. *State ex rel. Hibbard & Co. v. Superior Court*, 21 Wash. 631, 59 Pac. 505. The order denying appellants' motion to strike the objections of respondent to the confirmation of sale is appealable. *Krutz v. Batts*, 18 Wash. 460, 51 Pac. 1054.

19—44 WASH.

The order vacating and modifying the judgment in this case was a final order and judgment, and terminated the rights of appellants, and is appealable. *Hibbard, Spencer, Bartlett & Co. v. Delanty*, 20 Wash. 539, 56 Pac. 34; *Sengfelder v. Powell-Sanders Co.*, 40 Wash. 686, 82 Pac. 931.

*Reeves & Reeves*, for respondent. The order vacating and modifying the judgment was not appealable. *Sengfelder v. Powell-Sanders Co.*, 40 Wash. 686, 82 Pac. 931. The averments of the complaint were insufficient to bring before the court the particular question of establishing a lien against the land, and the judgment was therefore void. 1 Black, Judgments, § 242; *Reynolds v. Stockton*, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464; *Gillie v. Emmons*, 58 Kan. 118, 48 Pac. 569, 62 Am. St. 609; *Seamster v. Blackstock*, 83 Va. 232, 2 S. E. 36, 5 Am. St. 262. Implied liens are not favored by the law, and though they may sometimes be inferred, the intention to create them ought to plainly and satisfactorily appear. *Owens v. Claytor*, 56 Md. 129. Where a lien is not raised by operation of law explicit words are generally necessary to create it. *Williams v. Price*, 5 Munford (Va.) 507. An instrument containing no express words of grant does not create a lien, and one claiming it to be an equitable mortgage must show the intention of the parties to this effect by evidence aliunde the writing. *Jones v. Kennedy*, 138 Ala. 502, 35 South. 465. The calling of the instrument an "indenture" does not evidence an intention of the parties to create a lien. *Walker v. Keile*, 8 Mo. 301. The proceedings by motion were regular. *Griffith v. Maxwell*, 25 Wash. 658, 66 Pac. 106. The passing on the question as to whether the so-called indenture was an equitable mortgage, not being presented by the pleadings or supported by evidence, was an irregularity, and one for which a vacation of the judgment is authorized. *State ex rel. Hennessy v. Huston*, 32 Wash. 154, 72 Pac. 1015; *Corn Exchange Bank v. Blye*, 119 N. Y. 414, 23 N. E. 805. Judgments may and should be set aside by the court rendering

them, at the same or subsequent terms, for irregularity. Black, Judgments, § 326; *Mason v. Kansas City etc. R. Co.*, 58 Kan. 817, 51 Pac. 284. On default the plaintiff can take such judgment, and such judgment only, as the facts properly alleged, show him to be entitled to. 6 Ency. Plead. & Prac., 106, 117, 118; *Johnson v. Dowling*, 1 Tex. Civ. Cas. § 1091. Where a record shows that a judgment in the trial court is entered for a larger sum than the plaintiff is entitled to under his petition, it may be modified or vacated by the court at or after the term at which it was rendered. Bal. Code, § 5153; *Clevenger v. Hansen*, 44 Kan. 182, 24 Pac. 61; *Tobie v. Commissioners of Brown County*, 20 Kan. 14; *Small v. Douthitt*, 1 Kan. *335; *Walla Walla Print. & Pub. Co. v. Budd*, 2 Wash. Ter. 336, 5 Pac. 602; *Carpenter v. Barry*, 26 Wash. 255, 66 Pac. 393; *Livesley v. O'Brien*, 6 Wash. 553, 34 Pac. 134.

Fullerton, J.—On September 8, 1894, the respondent, Royce, entered into a contract with the appellants by the terms of which he agreed to purchase from the appellants a certain number of fruit trees, at an agreed price, payable in ten equal annual installments. The contract was in writing, and recited that the respondent was the owner of one hundred and sixty acres of land in what is now Chelan county, which was clear and free from incumbrances and to which he had perfect title. The contract further recited that the respondent, for the payment of the purchase price of the trees in accordance with the terms therein stated, "binds himself, his heirs, assigns and grantees of and to the aforesaid lands." The writing was acknowledged by the respondent before a notary public, in form then required for the acknowledgment of deeds to real property.

At the time of the execution of the contract, the land attempted to be described was unsurveyed government land on which the respondent was a mere settler, having all the rights acquired by one settling upon unsurveyed lands, but no legal

title to the same whatsoever. Afterwards, however, and before the action was instituted, he acquired a government patent to a quarter section of land in the section described in the contract, although not of the same technical description as the one therein described.

This action was brought in July, 1905. The appellants treated the contract as a mortgage upon the land described in the respondent's patent, and in their complaint alleged that the land had been erroneously described in the contract by mutual mistake, and asked to have the description corrected so as to make it conform to the description contained in the patent. A foreclosure of the lien, and a sale of the property according to its amended description, was prayed. The respondent defaulted in the suit, and judgment was taken against him as prayed for in the complaint. The land was sold under the judgment, and return thereof duly made by the officer making the sale, and docketed for confirmation.

The respondent then appeared for the first time. He filed objections to the confirmation of the sale, basing his motion on the contention that the judgment under which the sale was had was void. At the same time he moved to vacate and set aside all that part of the judgment which adjudged the contract to be a lien upon his real property, and directing its foreclosure and sale, basing his motion on the grounds, (1) that the judgment had been irregularly obtained; and (2) that it was void on its face because beyond the scope of the allegations of the complaint. These motions to vacate and the objections to the confirmation were heard by the court at the same time. At the conclusion of the hearing, the court sustained the objections to the confirmation of the sale, and granted the motion to vacate the judgment in part, letting it stand as a personal judgment against the respondent, but vacating and holding it for naught in so far as it adjudged the contract set out in the complaint to be a lien upon the land therein described,

and directing its sale. From these orders, and from a prior order refusing to strike the objections to the confirmation on appellants' motion, this appeal is taken.

The order refusing to strike the objections filed by the respondent to the confirmation of the sale is discussed by the appellants in connection with the order sustaining the objections, and we shall consider it in the same manner. To this order it is objected that it is based on grounds not authorized by statute. It is argued that, inasmuch as the judgment under which the sale was had was entered by a court having jurisdiction of the subject-matter of the action, and of the person of the defendant, and was regular upon its face, the only inquiry permitted was as to the regularity of the proceedings had in making the sale; and, as the objections of the respondent did not question the regularity of these proceedings, the court was in error when it refused to confirm the sale. The case of *Krutz v. Batts*, 18 Wash. 460, 51 Pac. 1054, is relied upon to sustain the contention. That case does lay down the rule that the regularity and sufficiency of a judgment, fair upon its face, cannot be inquired into at a hearing had on objections made to the confirmation of a sale, even where the sale is made under an execution issued on such judgment. To attack a judgment in this manner was said to be a collateral attack, and it was only where the judgment was void on its face that such an attack could be successfully made. The court, however, did make use of certain language in further discussing the statute that would seem to justify the appellants' contention; and the same may be said of the case of *Harding v. Atlantic Trust Co.*, 26 Wash. 536, 67 Pac. 222, subsequently decided.

But in the later case of *Waldron v. Kineth*, 41 Wash. 459, 84 Pac. 16, these cases were modified in the latter respect, and a much wider inquiry was held permissible; the court holding that the question whether real estate sold under

execution was at the time of the sale exempt as a homestead might be inquired into and determined on a motion for confirmation of the sale. This last case justifies the order in question here. If the order vacating and setting aside, as improvidently entered, that part of the judgment authorizing and directing the sale is valid, then unquestionably an order of confirmation of the sale cannot in any manner aid the appellants. The sale, as against them must fail for want of a judgment to support it; and, since they are the purchasers at the execution sale, they can acquire no title by its mere confirmation, whatever might be the rights of a third person purchasing at a judicial sale had under a judgment fair on its face. Hence, a confirmation in so far as it would affect the appellants can be of no validity, while it might compel the respondent to resort to an independent action to remove the apparent cloud on his title. It is the policy of the law to avoid circuity of actions, and inasmuch as the subject-matter of the controversy between the parties, as well as the parties themselves, was before the court in this proceeding, we conclude that the court could properly take cognizance of the fact that the judgment on which the sale was founded must be set aside, and refuse for that reason to confirm the sale.

It is next contended that the court was without jurisdiction to modify the judgment. In support of this contention it is said that the motion to vacate was heard without notice to the appellants; that the proceeding should have been by petition, and not by motion; and that the court was without authority to modify the judgment for any of the reasons stated in the motion. As to the first objection, the record does show that the motion was served upon the appellants on March 9th, 1906, was noticed for hearing on the 13th of the same month, and that it was heard on the 24th of the month. But it shows further that the appellants appeared at the hearing by their attorneys and resisted the motion, and does not show that any objection

was made to such hearing on the ground of insufficient, or
want of, notice.   Under these circumstances, this court
cannot say there was lack of notice.   On the contrary, it
appears to us that the proceedings were regular and or-
derly.

The second contention is settled by the statute itself.  The
trial court modified the judgment on the ground of irregu-
larity in obtaining it, and by § 5155 of the code [Bal. (P.
C. § 1035)], it is expressly provided that where the grounds
for vacating or modifying a judgment are for irregular-
ities in obtaining the judgment the proceedings shall be by
motion.   *Griffith v. Maxwell*, 25 Wash. 658, 66 Pac. 106.
But had the order been based on the second ground of the
motion, namely, that the judgment was void, the result
would not be different, as a void judgment is properly set
aside upon motion.   *Sturgiss v. Dart*, 23 Wash. 244, 62
Pac. 858; *Dane v. Daniel*, 28 Wash 155, 68 Pac. 446.

As to the contention that the court was without authority
to modify the judgment for any of the reasons stated in
the motion, it would seem, unquestionably, that if the judg-
ment was void in so far as it directed a foreclosure of the
asserted lien, the court had jurisdiction to modify it by
striking out the void part, and its order in that respect
could not be a nullity for want of power to make it.   But
it is contended that, conceding the judgment to be founded
on an erroneous construction of the contract set out in the
complaint, it was nevertheless merely voidable and not void,
and must be vacated, if vacated at all, on the first ground
stated in the motion of respondent, namely, that it was ir-
regularly obtained.   And on this question it is argued that
the facts do not show an irregularity in obtaining the judg-
ment which the law permits to be corrected by motion, but
an error of law committed by the court that can be corrected
only by a direct appeal from the judgment.

It has seemed to a majority of this court that the judg-
ment in question was only voidable and not void, and hence

.we agree with the appellant that authority for its modifica-
tion must be found in the first branch of the motion, rather
than the second; that is, that it was irregularly obtained.
Taking this view of the matter, we still think the judgment
is one coming within the definition of an irregular, rather
than that of an erroneous, judgment. If the respondent's
view of the contract be correct, a question we will notice
later, the judgment was one entered by default beyond the
purport and scope of the pleading; that is to say, it was one
the appellants were not entitled to under any of the allega-
tions of their complaint. It is a general rule that a default
admits only those allegations of a complaint that are well
pleaded. 6 Ency. Plead. & Prac. 117. So, it is also a gen-
eral rule that a defendant has a right to rely on the pre-
sumption that a court will not, on his default, enter a
judgment against him not warranted by the pleadings.
*Bosch v. Kassing*, 64 Iowa 312, 20 N. W. 454. Any de-
fault judgment, therefore, which goes beyond the scope of .
the pleadings, inasmuch as it is a judgment against which
the defendant has had no opportunity to defend, is a judg-
ment obtained contrary to the course and practice of the
courts, and hence, is a judgment irregularly obtained, with-
in the meaning of the statute, rather than one entered
through error of law committed by the court. Cases in
point are *Vass v. Peoples' Building & Loan Ass'n*, 91 N. C.
55, and *Larson v. Williams*, 100 Iowa 110, 63 N. W. 464,
69 N. W. 441, 62 Am. St. 544. In the first case, a judg-
ment was entered against certain defendants who had been
summoned to appear by leave of court as additional parties
defendant, but against whom no pleadings had been filed.
After the judgment had been entered the defendants moved
against it on the ground that it had been irregularly ob-
tained. This motion was granted by the trial court and .
affirmed on appeal; the appellate court saying:

"An irregular judgment is one given contrary to the
method of procedure and the practice under it, allowed by

law. As, if judgment should be given against an infant, no guardian having been appointed or appearing to represent him and take care of his interests in that behalf; or, where the court gave judgment without the intervention of a jury in a case where the party complaining was entitled to a jury trial and did not waive his right thereto; or, where a judgment was prematurely entered by default; or, where it was the duty of the plaintiff to give notice of the taxing of costs, and failed to give such notice, and took judgment. In such and like cases, the judgment is irregular, and upon proper application of the party injured the court would set it aside for such irregularity. *Keaton v. Banks*, 10 Ired. 381; *Dick v. McLaurin*, 63 N. C. 185; *Cowles v. Hayes*, 69 N. C. 410; Freeman on Judgments, § 97. Then, is the judgment in question irregular in a material respect? We think it is; and that it is so because it was without any proper pleading on the part of the plaintiffs that put the appellees to any defence they might be able and see fit to make."

The second case was an equitable action, brought to set aside a default judgment entered against the wife of the principal defendant. A personal judgment had been taken against her, although it appeared from the allegations of the complaint that she was not personally liable, as she was not a party to the contract out of which the liability arose. The notice served upon her, however, recited that a personal judgment would be taken against him if she did not appear and defend the action. The statute there provided that a judgment may be vacated, among other causes, for "irregularity in obtaining the judgment," and the question was whether the facts brought the case within that provision of the statute. On this question, the court said:

"We think the facts alleged and established make these grounds applicable in this case. Here was a petition which contained no allegations authorizing a personal judgment against Celia Larson. Counsel taking the decree of the court knew such to be the fact. As a lawyer he knew that Celia Larson, might confidently rely upon the fact that nothing was sought, as against her, save the extinguishment of

her dower right in the premises. Having no defense to make
to that claim she was not called upon to appear and to an-
swer to the petition. It matters not that the notice said that
a personal judgment would be asked against her, as she had
a right to rely upon the fact that the petition contained no
averment warranting such relief. It is claimed that, as the
court by the notice had jurisdiction of the person of Celia
Larson, and by law had jurisdiction in a proper case to render
a personal judgment as to the subject-matter, therefore juris-
diction was in all respects complete, and, having failed to ap-
pear, she is concluded from now being heard. Such claim is
not well founded. It is said in *Bosch v. Kassing*, 64 Iowa 314
[20 N. W. Rep. 454] : 'It is true a defendant may be con-
cluded by a default where the facts stated in the petition do
not constitute a good cause of action in law, or where the
petition is so defective as to be vulnerable to a demurrer;
but where the petition omits the necessary averment to show
liability against the defendant, the court may, and should,
even upon default, refuse to enter judgment.' Clearly,
then, procuring the court to enter such a judgment, under
the circumstances, was an 'irregularity in obtaining a judg-
ment,' under the statute we are considering."

On the question of the nature of the contract set out in
the complaint, we are clearly of the opinion that it is not a
mortgage or lien of any kind upon the lands described. It
does not, by any express words, purport to charge the land
with the payment of the indebtedness it creates, and such an
intent cannot be inferred from the phrase, above quoted,
purporting to bind the "heirs, assigns and grantees" of the
lands. But, without further reviewing the question, we
think it a simple contract for the payment of money, and
did not authorize the judgment of foreclosure originally
entered by the court.

We conclude, therefore, that the order appealed from
should be affirmed, and it is so ordered.

MOUNT, C. J., RUDKIN, HADLEY, and DUNBAR, JJ., con-
cur.

CROW and ROOT, JJ., took no part.