[No. 15386. Department Two. September 17, 1919.]

## *In the Matter of the Estate of* ERIC HAMILTON.[1]

EXECUTORS AND ADMINISTRATORS (62) — ALLOWANCE TO WIDOW — CONCLUSIVENESS — VACATION. Under the probate code, Laws of 1917, p. 670, § 103, providing that the judgment awarding an allowance for support to a widow shall be conclusive and final, except on appeal and except for fraud, the judgment cannot be attacked by motion to vacate it after time for appeal has expired, where the court had jurisdiction of the parties and subject-matter and there was no claim of fraud.

CONSTITUTIONAL LAW (136) — DUE PROCESS — CIVIL REMEDIES — FINALITY OF ALLOWANCE TO WIDOW. Laws of 1917, p. 670, § 103, providing that a judgment awarding an allowance for the support of a widow shall be conclusive and final, except on appeal and except for fraud, and limiting parties to an appeal from the award, is not an attempted deprivation of property without due process of law.

Appeal from an order of the superior court for Snohomish county, Bell, J., entered February 13, 1919, denying the vacation of an order setting aside property of an estate to a widow as a homestead, after a hearing before the court. Affirmed.

*G. D. Eveland,* for appellant.

*Francis W. Mansfield,* for respondent.

HOLCOMB, C. J.—Section 103, ch. 156, Laws of 1917, p. 670, provides:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, upon such notice as may be determined by the court, upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to

[1]Reported in 184 Pac. 337.

the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000.00), . . . which property so set off shall include the home and household goods, if any, and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates. The order or judgment of the court making the award or awards provided for in this section shall be conclusive and final, except on appeal and except for fraud. The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions.''

On January 10, 1917, and before the above law went into effect, Eric Hamilton died, leaving certain property, the heirs to which were his widow and several brothers and sisters, among them the appellant. On the 19th day of January of that year, the widow was appointed administratrix of the estate, decedent's will having been set aside by the court because of mental incompetency. February 20, 1918, and after the above law was effective, the widow petitioned the superior court to set aside to her, according to the terms of the foregoing section, the house in which she and the deceased had dwelt, together with certain household goods therein. Notice of hearing of her petition was given by posting under the order of the court, as permitted by the probate code of 1917 (Laws 1917, p. 657, § 64). The court found that the provisions of § 103 as to the value of the property, the expenses of last sickness and for the funeral, etc., had been properly complied with, and entered its order granting the petition and setting aside the property as a homestead as prayed. The balance of the estate, of which there was considerable, proceeded to probate in the usual course of law.

Months thereafter, when it was too late for an appeal, William Hamilton, a brother of the deceased and one of his heirs, moved the superior court to set aside the order theretofore entered granting the administratrix's petition, principally upon two grounds: first, that William Hamilton had had no notice of the petition in question, and second, that § 103 "either has no application to said matter, or is unconstitutional and void."

The motion was denied by the superior court for the reason that, aside from any constitutional question, the vacating of the order was improperly moved, the remedy, as provided by the section itself, being by appeal from the order, or for fraud:

"The order or judgment of the court making the award or awards provided for in this section shall be conclusive and final, except on appeal and except for fraud." Laws 1917, p. 670, § 103.

The determining question emerging in this case is: Is the alleged error of the superior court in setting aside to the widow the property petitioned for properly attacked by a motion to vacate such order, or is the appellant restricted to an appeal, the matter of fraud not being involved, either in fact or law, in this case?

Disposing briefly of the contention as to lack of notice, the superior court found, and we are satisfied with its finding, that the procedure under the section was sufficient to give it jurisdiction of the matter and that it had jurisdiction of the subject-matter and of the persons concerned.

The language of § 103 clearly makes the order of the probate court, setting aside the property therein specified to the surviving spouse, a final judgment of the court: "The order *or judgment* of the court making the award or awards provided for in this section shall be conclusive and final  .  .  ."

The trial court, having jurisdiction of the parties and the subject-matter, may have erred in law or fact. Possibly the superior court may, upon timely motion, vacate such final judgment upon other grounds than fraud to correct its own errors before the judgment is final. But when it acquired jurisdiction of the matter and of the parties, and merely erred in its judgment, such judgment certainly is not void.

The section itself explicitly provides that such question, or indeed any question concerning the award save that of fraud, cannot be raised except by appeal from that final judgment. In view of the express declaration of the statute, the only constitutional question now possible is whether we have here an attempted deprivation of right without due process of law, which we have not sustained. This is not the constitutional question learnedly argued by counsel for appellant, whose attack is upon the ground that, to give the statute effect upon heirs in whom property vested by operation of law prior to the enactment of § 103, would be such deprivation of right as is prohibited by the constitution. All the weight of his argument in that respect was properly conceded by the superior court, and may be conceded here, without affecting the question as to whether, by being restricted to an appeal, and denied a remedy by untimely motion or petition to void the judgment, appellant is deprived of a constitutional right.

Appellant cites *Stark Bros. v. Royce,* 44 Wash. 287, 87 Pac. 340, where it is said: "A void judgment is properly set aside upon motion." Also, *Lushington v. Seattle Auto & Driving Club,* 60 Wash. 546, 111 Pac. 785, stating that:

"The right to vacate such judgments does not arise out of, nor does the procedure to secure the right depend upon, the statute. . . . It is inherent in the

court itself. It is no more nor less than the power possessed by every court to clear its record of judgments void for lack of jurisdiction.''

And *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446, where we said: ''We think, in the absence of any statute, the court has a right to set aside a void judgment. This power is inherent in the court.'' These cases are not in conflict with the line of decisions wherein we have held the parties to the exclusive remedy of appeal.

There is an inherent power in the superior court to vacate certain void judgments, and this inherent right is not denied but recognized by the language of § 103. But an inherent right is not necessarily an exclusive right, or a right which may not be modified by proper authority. The very expression in *Dane v. Daniel, supra,* that, ''in the absence of any statute,'' the court has this inherent right, is clearly a recognition that this inherent right may be qualified by statute. In *Lushington v. Seattle Auto & Driving Club, supra,* the pronouncement is upon ''judgments void for lack of jurisdiction''; a harmony of principle with the provision of § 103 that the superior court may vacate its own award on the showing of fraud. The bare statement in *Stark Bros. v. Royce, supra,* that ''a void judgment'' may be set aside upon motion, cannot be reasonably construed into a commission *carte blanche* to the superior court to vacate its judgments, regardless of statutory control. In *In re Ostlund's Estate,* 57 Wash. 359, 106 Pac. 1116, 135 Am. St. 990, we sustained a decree of distribution depriving pretermitted heirs of their alleged vested rights in the property, saying:

'' 'When the statutory provisions are complied with, the distribution is said to partake of the nature of a proceeding in rem, and is conclusive upon all persons having any interest in the estate.' . . . The decree was a final adjudication by a court of competent juris-

diction, upon due process of law, as to his right and title thereto.''

On the other hand, this court has carefully upheld such statutory restrictions. It is only necessary to cite our decisions in this matter without particularizing them: *Coyle v. Seattle Electric Co.,* 31 Wash. 181, 71 Pac. 733; *Warren v. Hershberg,* 52 Wash. 38, 100 Pac. 149; *Okazaki v. Sussman,* 79 Wash. 622, 140 Pac. 904; *State ex rel. Lundin v. Superior Court,* 90 Wash. 299, 155 Pac. 1041; *Morgan v. Williams,* 77 Wash. 343, 137 Pac. 476.

The dissenting opinion in *Coyle v. Seattle Electric Co., supra,* does not question the principle here involved, but simply argues that an order granting a new trial is not a judgment, and that, therefore, error in a ruling made upon a motion for such new trial may be cured by the superior court. But, as we have seen, the express language of § 103, here under consideration, is that the award there permitted is a judgment, final and conclusive in its terms.

The order of the lower court denying the motion to vacate the original award is affirmed.

FULLERTON, MOUNT, BRIDGES, and PARKER, JJ., concur.