## LONGLEY v. McINTOSH.

Second Division. Nome. September 20, 1924.

No. 2934.

1. **Continuance ⬦⟶23—Process—Suit on Foreign Judgments.**

This is a suit on a judgment obtained against the defendant in the state of Washington. The answer denies there was any service of summons on defendant in that state and defendant moved for a continuance to secure witnesses from that state in proof of the answer. The affidavit of service in Washington is doubtful in its statements. *Held*, continuance granted.

2. **Trial ⬦⟶4—Continuance for Taking Testimony—Judgment.**

Defendant's answer in a suit on a foreign judgment denies that any service of the summons was made on him in that case. A suit is pending in the foreign jurisdiction to set the judgment aside for that reason. The affidavit of service on which the foreign judgment is based is not satisfactory to this court. *Held*, the issue of service ought to be tried out in this court before further proceeding, and continuance is granted, so the evidence may be obtained for that purpose.

Motion by defendant for continuance granted.

O. D. Cochran and Hugh O'Neill, both of Nome, for plaintiff.

Geo. D. Schofield, of Nome, for defendant.

LOMEN, District Judge. This action is brought upon a judgment obtained by default in the state of Washington. The answer alleges no service of summons in the original action. Defendant moves for a continuance on account of the necessary absence of defendant, a material witness to prove the want of such service.

The court, in granting the motion for continuance, is actuated by considerations of justice, based, not only on the showing made by the motion papers, but on the record, the judgment roll, duly certified, in the original action. The court is not satisfied that the complaint in said original action states a cause of action that would warrant the judgment sued on, and is not satisfied that the return of service of the summons and complaint in said action shows on its face that personal or any legal service was made upon the defendant. If not, the

judgment sued on would be void. Harris v. Hardeman, 14 How. (55 U. S.) 334, 14 L. Ed. 444. And, if the complaint in said action fails to state a cause of action, the judgment by default would for that reason be irregular. Stark Bros. v. Royce, 44 Wash. p. 296, 87 P. 340. If either of these propositions can be substantiated, this court would hesitate to enter a like judgment. On the trial of the action, the fact of service, or the want of service, as the case may be, can be shown, provided a continuance be granted. Otherwise, the entry of judgment here might result in a miscarriage of justice.

The plaintiff, on the argument of the motion for a continuance, in order to show service of summons in the original action, presented to the court a certified transcript of the judgment roll in said action. Said return, under separate filing, reads as follows:

"In the Superior Court of the State of Washington in and for the County of King.

"H. C. Longley, Plaintiff, v. Charles McIntosh, Defendant.

"No. 157956.   Affidavit of Service.

"State of Washington, County of King—ss.;

"W. U. Park, being first duly sworn, upon oath deposes and says: That during all the times hereinafter mentioned he was and still is a resident of the city of Seattle, King county, Washington, and is over the age of 21 years; that on the 25th day of February, 1922, deponent served a copy of the summons and complaint herein upon Charles McIntosh, the defendant herein, in person, by leaving with said defendant a copy of the summons and complaint at the residence of said defendant, known as the Hotel Conklin, situate at 86 Virginia street in the city of Seattle, King county, state of Washington; that deponent knew the person so served to be Charles McIntosh the defendant herein.                                                        W. U. Park.

"Subscribed and sworn to before me this 23d day of March, 1922.
                                                    "Morris B. Sachs,
        "Notary Public in and for the State of Washington, Residing at
                                                                Seattle.
"Filed in county clerk's office, King county, Wash., March 24, 1922.
                              "George A. Grant, Clerk,
                                    "By R. W. Flemming, Deputy."

It does not appear that said return was "indorsed on or attached to the summons" in said action; nor does it appear upon the face of said return, or otherwise in the transcript, that the person serving the summons "was competent to be a witness in the action," as required by the statute authorizing

service by another than the sheriff; nor that the service of "a copy" by "leaving with" defendant a copy, *at his residence,* is equivalent to serving the summons on him by delivery to him of a copy. "Leaving with" does not necessarily imply a "delivery to" a person; nor is it plain to the court whether the words "in person," in the return, have reference to the person serving or the person served; nor does it appear where service was made, except inferentially, by describing the place, the building, where the copy was left. It does not appear that the copy was handed to defendant, or that he received it. The copy might have been left on defendant's table, or elsewhere, at the hotel, and constructively with defendant, without his knowing it. The return has the earmarks of a mixed service, in part personal and in part substituted, and neither complete. Defendant denies personal or other service upon him.

The statutes of Washington regulating the service of summons are set forth in the case of Northwestern & Pacific Hypotheek Bank v. Ridpath, 29 Wash. 687, 70 P. 139.

In view of the express denial that any service was made upon defendant, the peculiar language of the return is not satisfying to the court. The issue of service ought to be tried out, and we are well satisfied that such issue lies and is competent in this case.

Without passing upon the sufficiency of said return at this time, the court feels that, in view of the showing made on the hearing of the motion and the alleged fact that proceedings are now pending in the superior court of King county, state of Washington, to vacate the original judgment, and because the result in that case will be of avail to this court if a continuance be now granted, the above action is hereby continued until the fall term of this court in 1925.