[No. 22617. Department Two. July 30, 1930.]

THE STATE OF WASHINGTON, *on the Relation of R. L. Cross, Plaintiff,* v. THE SUPERIOR COURT FOR OKANOGAN COUNTY, *Respondent.*[1]

*W. H. Patterson,* for relator.
*A. N. Corbin,* for respondent.

[1]Reported in 290 Pac. 430.

Holcomb, J.—This is an original proceeding in this court, wherein relator seeks to prohibit the superior court for Okanogan county and the judge thereof from assuming jurisdiction to vacate a judgment entered in a certain cause in that court on April 15, 1930.

The action in the lower court was one wherein F. R. Woodbury Lumber Company, a corporation, was plaintiff, and George Seaton and Bell Seaton, his wife, W. H. Lawson and Martha R. Lawson, his wife, Soren Petersen, R. L. Cross and Dime & Dollar Savings & Loan Association, a corporation, were defendants for a lien foreclosure in which relator filed a cross-complaint praying for a lien foreclosure in his favor and attorney's fees and costs. The case was tried before the lower court, without a jury, on April 7, 1930, all the parties appearing and being represented by counsel except defendants Seaton and wife and Lawson and wife, who defaulted. The court granted plaintiff judgment and foreclosure of its lien, and, as to relator, made and entered the following judgment:

"Ordered, Adjudged and Decreed that the defendant, R. L. Cross, do have and recover from and of the defendants, George Seaton and Bell Seaton, his wife, the sum of eight hundred two and 50/100 dollars ($802.50) with his costs and disbursements herein, including $75 attorney's fees; that the cross-complaint of the defendant, R. L. Cross, be and the same is hereby dismissed, with prejudice as to all the other parties to this action, and that the other parties to this action recover from said defendant, R. L. Cross, their costs and disbursements herein, which may properly be taxed against said defendant and in favor of such other parties."

It appears from the answer of the respondent judge that, when the cause had been heard, he announced from the bench that relator had been paid in full by the defendants the Seatons and Lawsons, and that his

cross-complaint should be dismissed with costs against him. A written order to that effect was later signed and, on April 17, two days after the entry of the original judgment, was filed in the lower court. On April 16, one day after the entry of the original decree, motions for a new trial were made by defendants, Petersen, Lawson and the Dime & Dollar Savings & Loan Association, a corporation, but were not served on any of the adverse parties. The motions for a new trial were therefore ineffectual for any purpose under the provisions of Rem. Comp. Stat., § 402, requiring such motions to be served.

On May 15, 1930, relator filed notice of appeal from the judgment entered on April 15, and served the same by mail on the adverse parties and, on May 19, perfected the appeal by filing his bond on appeal. On May 13, 1930, defendants the Seatons and Lawsons and Dime & Dollar Savings & Loan Association, a corporation, filed in the lower court a petition to vacate the judgment entered on April 15, pursuant to the provisions of Rem. Comp. Stat., §§ 464 to 467, incl. On the same date, they served notice of hearing on their petition to be heard before the lower court on June 3, 1930, at ten o'clock a. m. When the matter was brought up for hearing in the lower court, counsel for relator brought to the attention of the court that he had appealed to the supreme court, the appeal had been perfected in the action, and insisted that the lower court was without jurisdiction to hear the motion and petition to vacate the original judgment.

The trial judge assumed jurisdiction over the petition to vacate the judgment, and threatened to proceed to hear it and to make and file another judgment in the action different from the judgment in which appeal has been taken to this court. In his answer, the trial judge avers that the notice of appeal of relator is

from a judgment in his favor for the entire amount prayed for in his complaint. The judgment is not entirely favorable to relator. Whether relator can procure a more favorable judgment on a hearing on appeal, cannot be foretold. Inasmuch as an appeal has been taken, it utterly divested the superior court of jurisdiction. The trial judge also states in his answer that he has at no time changed his mind with reference to the cross-complaint of relator and is still of the opinion that he had been paid in full and was not entitled to judgment against defendants Lawsons and Seatons.

We have uniformly held that the superior court has no jurisdiction to vacate and modify its judgments after an appeal has been taken. *Bolcom Mills v. Seattle,* 101 Wash. 136, 172 Pac. 338; *Phillips v. Wenatchee Valley Fruit Exchange,* 124 Wash. 425, 214 Pac. 837.

In the *Bolcom Mills* case, *supra,* we held that, where, owing to the pendency of an appeal, the period of one year within which relief might be had for a mistake or excusable neglect expires before discovery of the mistake, this court will, upon proper showing, grant leave to the lower court for the vacation of the judgment for the causes set forth under the statutory provisions for relief from judgments, since the time of the pendency of the appeal should not be counted as a part of the time limit. We there observed:

"Pending the appeal, the respondent therein has no control over it except to see that it is prosecuted with reasonable diligence; he may not during that time, either in the court of original jurisdiction or in the appeal court, move for the vacation or modification."

That case was one which had been appealed and remitted to the lower court. Within a year thereafter, a petition was filed in this court for leave to petition the

lower court for a modification of the judgment. That leave was granted.

Respondent cites cases where we have used general language to the effect that a void judgment may properly be set aside upon motion, and that a court of general jurisdiction has the inherent right to set aside a void judgment. Those cases must be limited to the facts and circumstances shown in them. We have also said that:

"The bare statement . . . that 'a void judgment' may be set aside upon motion, cannot be reasonably construed into a commission *carte blanche* to the superior court to vacate its judgments, regardless of statutory control." *In re Hamilton's Estate,* 108 Wash. 326, 184 Pac. 337.

In the present case, the judgment below is not void. It may be contrary to what the trial court intended to enter, and he may have the right, upon a proper showing, to vacate the part of it which he did not intend to render.

The situation presented in this case is greatly confused. On the record and circumstances shown in this case, to deny defendants Lawsons, Seatons and the Dime & Dollar Savings & Loan Association, a corporation, the opportunity to present their petition for the vacation of the judgment for irregularities, mistakes and inadvertences and other grounds set up in their petition, might prevent its submission and determination under our statute, which requires them to present the same within one year from the entry of the judgment. On the other hand, relator, under our present statute and rule, was compelled to appeal from any adverse judgment within thirty days, as was done. Consequently, the rights of all parties should be protected.

We therefore conclude that, since an appeal was taken by relator, technically the lower court is

without jurisdiction to entertain the petition to vacate the judgment appealed from. But we have further concluded that, since the petition to vacate the judgment was timely and madè prior to the perfecting of the appeal in this case, and conceding that the trial court has lost jurisdiction, we have here a situation not contemplated either by the statute or the rules of court. We will, therefore, in the interests of justice, treat this entire matter as an application for leave to proceed as if after remand (*Post v. Spokane,* 28 Wash. 701, 69 Pac. 371), and will permit the trial court to pass on the application to modify or vacate the judgment. All parties will be given the right of appeal from whatever order is made on such application. Such appeal, if any there be, shall be consolidated with, and become a part of, the pending appeal treated entirely as a part of the principal case, all to be without prejudice to the rights of any of the parties save as they may be, by this order, expressly changed or modified.

The limited peremptory writ is granted, with instructions to the trial court to proceed accordingly.

MITCHELL, C. J., FRENCH, BEALS, and FULLERTON, JJ., concur.