[No. 22998.   Department One.   September 8, 1931.]

F. R. WOODBURY LUMBER COMPANY, *Respondent,* v. GEORGE SEATON *et al., Respondents,* R. L. CROSS, *Appellant.*[1]

*W. H. Patterson,* for appellant.
*E. D. Clough* and *A. N. Corbin,* for respondents.

PARKER, J.—This action was originally commenced by the plaintiff lumber company, seeking recovery from the defendants Seaton and Lawson of the alleged value of building material furnished by it to and used

[1]Reported in 2 P. (2d) 721.

by them in the construction of a garage building on land owned by them; and also seeking foreclosure of its claim of lien therefor upon the land and the building. R. L. Cross was made a defendant in the action because he claimed a lien upon the property for services rendered by him in the construction of the building. Cross filed in the action his cross-complaint, seeking recovery from the defendants Seaton and Lawson of an alleged balance due him under his contract with them, and also sought foreclosure of his claim of lien therefor upon the land and the building.

On April 7, 1930, the cause proceeded to trial upon the merits. On April 15, 1930, the trial judge signed a judgment, which was then filed, awarding to the lumber company recovery and foreclosure, as prayed for by it, and also disposing of the claim for recovery and foreclosure sought by Cross as follows:

"ORDERED, ADJUDGED AND DECREED that the defendant, R. L. Cross, do have and recover from and of the defendants, George Seaton and Bell Seaton, his wife, the sum of Eight Hundred Two and 50/100 Dollars ($802.50) with his costs and disbursements herein including $75.00 attorney's fees; that the cross-complaint of the defendant, R. L. Cross, be, and the same is hereby dismissed, with prejudice as to all the other parties to this action, . . . ''

On April 17, 1930, the trial judge signed an order, which was then filed, reading as follows:

"It is hereby ordered that the cross-complaint of the defendant, R. L. Cross, be and the same hereby is dismissed.

"It is further ordered that the said defendant and cross-complainant, R. L. Cross, take nothing by this action.''

This order was presented to the trial judge for signature by counsel for Seaton and Lawson; counsel assuming that it was in harmony with the trial judge's

orally announced decision at the conclusion of the trial, counsel not being advised of the signing of the judgment two days previous.

On May 13, 1930, Seaton and wife, by their counsel, filed in the cause their motion and petition seeking the vacation of that portion of the judgment of April 15, 1930, which awarded Cross recovery against them. One ground upon which this motion and petition was rested was irregularity in obtaining the judgment.

On May 15, 1930, Cross appealed to this court, bringing here for review, we shall assume for present purposes, both the judgment of April 15, 1930, and the order of April 17, 1930.

On September 26, 1930, the motion and petition of Seaton and wife for vacation of the portion of the judgment of April 15, 1930, which awarded Cross recovery against them, was duly brought on for hearing before the trial court, all parties being represented, which hearing resulted in a final order being entered on September 26, 1930, vacating the portion of the judgment of April 15, 1930, which awarded to Cross recovery against Seaton and wife. Upon the entry of that order, Cross, in open court, orally appealed therefrom to this court.

We have here two appeals which, for present purposes, we shall regard as being perfected and effectively bringing here for review the merits of the claim of Cross for recovery and foreclosure. The theory upon which the claim of Cross is rested is that he had a contract with Seaton and Lawson by which he was to render mechanical and superintendence services for them in the construction of the building, and receive for such services $1.25 per hour, and, in addition thereto, a sum equal to five per cent of the total cost of the building. The theory of Seaton and Lawson is that the contract was that Cross was to receive $1.25

per hour for his mechanical and superintendence services, that being twenty-five cents per hour in excess of the usual wages of $1.00 per hour for mechanical service; and that Cross has been paid upon that basis for all of his time while employed in connection with the construction of the building. It is plain from the evidence that Cross has received all he became entitled to on the $1.25 per hour basis.

The real controversy here is as to whether or not the contract called for his being paid, in addition to $1.25 per hour, a sum equal to five per cent of the total cost of the building. This presents but a question of fact. The evidence as to the terms of the contract is oral and in sharp conflict. We have read the whole of it, and we deem it sufficient to say that it seems to us to preponderate in support of the conclusion reached by the trial judge. We are at least certain that it does not preponderate against the conclusion reached by the trial judge. We conclude that the final disposition of the cause by the trial court denying to Cross recovery of judgment against Seaton and Lawson and foreclosure against their property must be affirmed.

Contention is made that the trial court erred in vacating the portion of the judgment of April 15, 1930, which awarded to Cross recovery against Seaton and wife. While we have here a statement of facts, certified by the trial judge, showing all that occurred in the cause up to the close of the original trial upon the merits, we are not so advised as to all that may have occurred in the cause thereafter. So, we cannot decide that the entering of the final order of vacation was erroneous.

Our decision in *State ex rel. Cross v. Superior Court,* 158 Wash. 46, 290 Pac. 430, is of some interest in connection with this case, though of no controlling force

here. It shows the granting of leave by this court to the trial court to entertain the petition for vacation, though the appeal from the original judgment be pending in this court, and contemplated the consolidation of these two appeals for hearing in this court.

The final decision of the superior court denying to Cross recovery, as evidenced by the judgment and orders in question, is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.