MARTIN NEILAN, Appellant, v. LYTLE INVESTMENT COMPANY
et al., Appellees.

No. 43552.

JUNE 15, 1937.

Martin Neilan, for appellant.

No appearance for appellees.

KINTZINGER, J.—Plaintiff is the owner of the property designated as lot No. 18 in block 4 of what is called "Pendleton Hill Addition" to Sioux City, and alleges that defendants make some adverse claim against said lot because of their ownership of special assessment certificates issued for the paving of the street in front of plaintiff's property.

Plaintiff alleges that the street in front of his lot was not legally platted, is not a legal street, and that the city had no jurisdiction to levy a special assessment or issue improvement

certificates against his property for the construction of said street, because the streets and blocks in said "Pendleton Hill Addition" do not conform with the widths and sizes of other streets and blocks in Sioux City, and is not an extension of the existing system of streets and blocks therein, as required by section 6269 of the Code of 1935. He, therefore, contends that the special assessment certificates issued for the improvement of said street are invalid and do not constitute a valid lien against his property.

Although notice of the pendency of said action was served upon defendants, they made no appearance, and were adjudged in default. The case was thereupon submitted to the court upon the unsworn petition, and plaintiff's unsworn written statement. The court found that plaintiff was not entitled to the relief demanded and dismissed plaintiff's petition. Hence the appeal.

There being no appearance for the defendants, and they being in default for want of an appearance, the question for determination here is whether or not the pleadings in the case and the unsworn evidence offered in support thereof are sufficient to obtain the relief prayed for.

■■■ In an equitable action where the defendant is in default, the court must decide the case upon the pleadings and the evidence offered. Upon this question, section 11592 of the Code of 1935 provides:

"When the action is of an equitable character, the court, upon hearing the pleadings and proofs, and hearing the *testimony* offered, shall render such judgment as is consistent with the rules of equity."

This statute contemplates the production of proof to establish the allegations of the petition.

■■■ Therefore, although a default is entered, and although such default may ordinarily be an admission of a cause of action stated in a "sworn" petition, nevertheless where the facts alleged in the petition and the facts in support thereof are insufficient to constitute a cause of action under the rules of equity, such default in itself is not an admission of a valid cause of action. Plaintiff cannot be allowed any greater relief than he appears to be entitled to under the allegations of the petition and the evidence in support thereof. Bosch v. Kassing, 64 Iowa 312, 20 N. W. 454; Larson v. Williams et al., 100 Iowa 110, 63 N. W.

464, 69 N. W. 441, 62 Am. St. Rep. 544; Skvor v. Weis, 153 Iowa 720, 134 N. W. 85.

In Bosch v. Kassing, 64 Iowa 312, loc. cit. 314, 20 N. W. 454, 455, this court said:

"A default is an admission of the *cause of action* stated in the petition, and that something is due to the plaintiff. But where no *cause of action* is stated in the petition a default can have no such effect. It is true that a defendant may be concluded by a default where the facts stated in the petition do not constitute a good *cause of action in law,* or where the petition is so defective as to be vulnerable to a demurrer; but, where the petition omits the necessary averment to show liability against the defendant, the court may and should, even upon default, refuse to enter judgment." (Italics ours.)

 In equitable actions, therefore, the rules require that the allegations of an unsworn petition be supported by sufficient evidence to warrant the relief prayed for. Plaintiff contends that the street called South View Terrace, for the improvement of which an assessment was levied against his lot, is not a legal street, because "Pendleton Hill Addition" does not conform substantially with the requirements of section 6269 of the Code of 1935, relating to the platting of additions to a city or town. This statute provides that:

"The plat of any addition to any city or town or subdivision of any part or parcel of lands lying within or adjacent to any city or town shall be divided by streets into blocks, and such blocks and streets shall conform as nearly as practicable to the size of blocks and the widths of streets therein, and shall be extensions of the existing system of streets."

Although it is contended that South View Terrace in "Pendleton Hill Addition" is not a legal street, and that the assessment levied against plaintiff's property is invalid, the only argument made or presented against the validity of the assessment is that the plat of said addition does not conform to the requirements of section 6269 of the Code of 1935, because the streets and blocks in said addition do not "conform as nearly as practicable to the size of blocks and the widths of streets" in said city, and because the streets therein are not "extensions of the existing system of streets" in Sioux City.

The only evidence offered tending to show that "Pendleton Hill Addition" does not conform substantially to other lots, streets, and blocks in Sioux City, and that the streets therein are not extensions of the existing system of streets therein, is the unsworn legal conclusions set out in the petition, similar conclusions contained in an unsworn written statement, and a plat showing only a part of "Pendleton Hill Addition".

An addition known as Crescent Park Second Addition is situated immediately north of "Pendleton Hill Addition", and another addition known as Smith's Walnut Hill Villa Addition is situated immediately south of "Pendleton Hill Addition". It is conceded that both of these additions conform substantially to other streets, lots, and blocks in Sioux City, and conform to the statutory requirements. The plat shows only a small part of these two additions. We have carefully examined that part of the plat containing parts of the additions referred to therein. "Pendleton Hill Addition" is, no doubt, an extension of the existing system of streets and blocks in Sioux City, and is situated between Crescent Park Second Addition and Smith's Walnut Hill Villa Addition. No other plat of Sioux City is referred to in the abstract, but it is conceded that the two additions adjoining "Pendleton Hill Addition" do practically conform to the existing system of streets, blocks, etc., in Sioux City.

It is our conclusion from a careful examination and comparison of "Pendleton Hill Addition" with the two adjoining additions, that the "Pendleton Hill Addition" conforms as nearly as practicable with the blocks and streets in such adjoining additions, and as nearly as practicable conforms thereto, and is as nearly as practicable an extension of the existing system of streets and blocks in Sioux City.

The burden of proof moreover was upon plaintiff to show that the "Pendleton Hill Addition" did not substantially conform to the existing system of streets, lots, and blocks in Sioux City. After a careful examination of the entire record in this case, it is our conclusion that plaintiff has failed to establish the allegations of his petition, and has failed to show that the "Pendleton Hill Addition" with the streets, lots, and blocks shown therein does not substantially and as nearly as practicable conform to the requirements of section 6269 of the Code.

The petition was not verified, and the only "so-called" evidence in the case is a written *unsworn* statement filed by the

plaintiff. It cannot be said that the allegations contained in the unverified petition and written statement are true. It may be that a default was entered, and notice served upon the defendants. This situation, however, would not authorize a court of equity to enter a decree as prayed, without establishing the facts alleged in the petition by sufficient proof.

For the reasons hereinabove expressed, we are constrained to hold that the facts alleged in the petition are not supported by sufficient proof. It necessarily follows that plaintiff's failure to establish the allegations of his petition calls for a dismissal of the case.

It is, therefore, our conclusion that the judgment of the lower court was right, and the same is hereby affirmed.—Affirmed.

Chief Justice and all Justices concur.