## DETERMINED IN THE

# SUPREME COURT

### OF .

### . WASHINGTON

[No. 4841.   Decided February 4, 1905.]

WATSON C. SQUIRE *et al., Respondents,* v. MARGARET
SIDNEY, *Appellant.*[1]

APPEAL AND ERROR—TIDE LAND CONTEST—QUESTION AS TO FILES
OF LAND COMMISSIONER'S OFFICE—REVIEW.  Under the statute di-
recting a trial *de novo* of questions involving the right to pur-
chase tide lands, upon appeal from the board of state land com-
missioners, the superior court cannot, on such an appeal, review
a decision of the board as to what are the proper records in the
case, made in a proceeding instituted by one of the parties pend-
ing the appeal, whereby the board refused to correct the record.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered November 12, 1902, on grant-
ing a motion for judgment upon the pleadings and a stipu-
lation, affirming an order of the board of state land com-
missioners awarding the prior right to purchase tide lands.
Affirmed.

*Sachs & Hale,* for appellant.

*L. T. Turner,* for respondents.

FULLERTON, J.—On March 26, 1895, the appellant filed
with the commissioner of public lands her application to
purchase lots 5 and 6, in block 203, of the tide lands in

[1] Reported in 79 Pac. 469.

front of the city of Seattle, basing her right on the ground, as recited in the application now on file in the office of the commissioner of public lands, that she was an abutting upland owner.    On April 27, 1895, the respondents filed an application to purchase lot 6 of the land applied for by the appellant, basing their right, also, on the ground that they were abutting upland owners.

When these applications came on to be heard before the board of state land commissioners, the parties stipulated that they would take their evidence before a stenographer, have the same reduced to writing, and submit their respective claims for the determination of the board on written evidence.    This evidence was taken and returned to the board on December 6, 1897; and on December 27, following, the board decided that the prior right to purchase was in the respondents, as owners of the abutting upland, rejecting the application of the appellant "for the reason that the said improvements, placed upon said lot by her, are not such as come under the rule laid down by the supreme court as being required for 'commerce, trade or business.' "    Appeal to the superior court of King county was taken from the decision, on January 11, 1898.

Subsequent to the taking of the appeal, and for the purpose of facilitating the trial before the superior court, the parties entered into a stipulation, to be used as evidence, in which, among other things, it was agreed that the respondents were the owners of the upland land abutting upon the lot in dispute, holding the same by certain mesne conveyances from the patentee of the government of the United States.    The cause was called for trial on June 5, 1901.    In his opening statement to the jury, the attorney for the respondents stated that he would object to any testimony on the part of the appellant, for the reason that she was claiming as an upland owner, and had entered into

a stipulation to the effect that the respondents were upland owners of the property they sought to purchase. The counsel for the appellant, who, it seems, was not the one who had appeared before the commissioners, then examined the application, and, finding it to be as described by the respondents' counsel, moved for a continuance in order to enable him to supply the record, contending that the copy of his client's application, contained in the record sent from the land commissioner's office, was incorrect. After some contention, a continuance was agreed upon, and assented to by the court. The agreement was reduced to writing, and is as follows:

"It is hereby stipulated that this cause may be continued ten days. If atty. for appellant shall not, on or before said time, procure and file herein certified copy of an original application of appellant, Margaret Sidney, filed with the state land commissioner within the sixty days allowed by law for such filing, applying to purchase the lands in controversy upon the ground that she was on March 26, 1890, an improver and user thereof under the laws of this state, judgment shall, at expiration of said ten days, be entered for respondent Watson C. Squire, adjudging him to be entitled to purchase said tide lands from the state of Washington, and for costs. If said certified copy shall be filed, said cause shall be set down for trial at some day in the future convenient to court and parties."

On June 15, 1901, no new certified copy having been filed, the respondents moved for judgment on the stipulation. This motion was resisted, the appellant claiming that her original application had been withdrawn from the files in the land commissioner's office, and a forged copy substituted in its stead. Thereupon the court overruled the motion for judgment, continuing the case in order to give the appellant an opportunity to have the record corrected by the board of state land commissioners. The appellant thereupon instituted a proceeding before that board,

asking a correction of the record in accordance with her claims, and a hearing was had thereon, which resulted in a dismissal of the proceeding.

The cause next came on for hearing before the superior court on November 5, 1902, when the respondents again moved for judgment on the stipulation. This motion was also resisted by the appellant, her counsel contending that she had the right to re-try, before the court, the question whether or not her original application to purchase had been withdrawn from the office of the commissioner of public lands, and a false and forged one substituted in its stead. The court ruled against the appellant, and entered a judgment for the respondents pursuant to the stipulation. This appeal is from the last mentioned judgment.

While the appellant assigns a number of errors, we think the whole issue is involved in the question, did the court err in refusing to allow the appellant to try *de novo* the question whether her original application to purchase had been taken from the files of the land commissioner's office, and a forged one substituted in its stead? This question, we think, must be answered in the negative. The statute, it is true, allows an appeal to the superior court from any decision of the board of land commissioners which involves the question of prior right of purchase of tide land, and provides that, after the record has been certified to the superior court, that court shall try the case *de novo,* as if originally commenced in such court. But this has reference to questions of fact—the issues of fact between the parties raised by their respective contentions; it does not give the court power to determine between the applicant and the board what papers are, and what are not, files in the office of the commissioner of public lands. It may be that the appellant is entitled to review the ruling of the board on this matter in the courts, but that is not the question be-

fore us.   She is attempting to do it on an appeal from a
ruling of the board determining which of two adverse
claimants to tide land has the prior right of purchase, and
this we hold she cannot do.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.