[No. 23440. Department One. March 22, 1932.]

WILLIAM M. WHITE et al., Respondents, v. JOHN DONINI et al., Appellants.[1]

Kahin & Carmody, Orlo B. Kellogg, and Paul Coughlin, for appellants.

John F. Dore and Chambers & Masuda, for respondents.

MITCHELL, J.—This action was brought against John Donini and his wife by William M. White and his wife to recover for personal injuries to Mrs. White caused

[1]Reported in 9 P. (2d) 92.

by the alleged careless and negligent driving of an automobile by John Donini.

At the close of the taking of all of the testimony, the action being tried before a jury, each side moved for a directed verdict without reservation or requesting the submission of any question of fact to the jury. Thereupon and pursuant to the practice as followed in *Peoples Bank & Trust Co. v. Douglas,* 154 Wash. 450, 282 Pac. 838, the trial court made findings of fact and conclusions of law, and entered judgment in favor of the plaintiffs in the full amount demanded in the complaint. At the same time, written findings requested by the defendants were refused. The defendants have appealed.

On behalf of the respondents, the proof showed that, while they were walking on a sidewalk on Olive street, in Seattle, an automobile in which appellants were traveling suddenly ran upon the sidewalk, striking Mrs. White and severely injuring her; that it then ran off the sidewalk along and across the street approximately seventy feet, where it stopped in collision with another automobile.

Evidence on behalf of the appellants, introduced without any objection on the part of the respondents, was to prove, among other things, that John Donini, prior to the accident, was in good health; that he and his wife, at the time of the accident, were on their way fulfilling a business appointment; that he drove their automobile westerly on Olive street into its intersection with Seventh street, and that, within the intersection, he felt a sudden hot pressure against his heart, and immediately became unconscious, whereupon his automobile ran upon the sidewalk and collided with Mrs. White; that his automobile then veered from the sidewalk along and across Olive street about seventy feet and stopped in collision with another automobile;

that John Donini was removed from his automobile, still unconscious, into the Medical Dental building nearby for care and attention; that he was at all times unconscious after becoming so in the intersection at Seventh street until after he was taken into the Medical Dental building; and that, prior to the accident, he had never been treated for, nor suffered from, any heart disease or trouble.

The trial court adopted respondents' finding that Donini was guilty of careless, reckless and negligent driving in striking Mrs. White, upon which finding, conclusions and judgment were entered for the respondents. At that time, and to the contrary, the appellants, insisting upon the proposition that negligence to create liability "implies the power of volition at the time of the act or omission," requested in writing that the court find the facts to be as indicated by their proof. The court refused to make any such finding, but among those that were signed by the court in favor of the respondents is a statement in which the court said:

"That defendant introduced testimony tending to prove that he was unconscious at the time of the injury, but the court did not consider such testimony, as it was determined not to be a defense. DONE IN OPEN COURT this 20th day of August, 1931.

"W. A. Hawkins, Judge."

The situation is unusual. Had the trial court, in settling the findings of fact, made no reference whatever to the particulars of the proof on behalf of the appellants and of the court's refusal to consider that evidence, the record, including appellants' requested finding that was refused, would be taken as a denial by the court of belief in the existence of such facts. Again, if the existence of facts as contended for by the appellants would entitle them to no relief, the sign-

ing or refusing to sign the requested findings would not prevent the conclusion that appellants should have no relief. But the court, by affirmative statement in the findings, refused to consider that testimony or proof at all, with reference to its establishing a fact or not.

Having been called on by both parties to decide the action, the trial court, in making and entering findings, should have done so with reference to all the evidence admitted under the respective theories of the several parties, and thus have prepared the record in the case for the conclusions of law to be made by the trial court, as well as the consideration of the case in the supreme court in case of an appeal.

In sending the case back to the trial court, as we think must be done, we follow the practice adopted under similar circumstances in *Balzer v. Aukamp,* 166 Wash. 1, 6 P. (2d) 614, and cases therein referred to, with directions to the judge who tried the case to enter findings and conclusions in consideration of all the evidence already heard, and to enter judgment thereon, from which either party aggrieved may appeal.

Appellants will recover their costs in this court. The taxation of costs in the trial court will await the final disposition of the case in that court.

Reversed and remanded.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.