[No. 23440.   Department Two.   April 25, 1933.]

WILLIAM M. WHITE *et al., Petitioners,* v. JOHN DONINI
*et al., Respondents.*[1]

*Dore, Beeler & Haven* and *Chambers & Masuda,* for petitioners.

*Kahin & Carmody, Orlo B. Kellogg,* and *Paul Coughlin,* for respondents.

STEINERT, J.—This cause is before us upon a petition filed in this court requesting that permission be granted to the trial court to entertain a motion to reopen the

[1]Reported in 21 P. (2d) 265.

original case for the hearing of additional testimony, or to grant a new trial. It is probably more accurate to say that the petition, in effect, is for leave to the petitioners to present to the trial court their motion for a new trial, or, in the alternative, their motion to reopen the case. A somewhat extended statement of the facts in the matter is necessary in order to have a correct understanding of the situation presented.

The original action was brought by the petitioners against respondents to recover damages for personal injuries alleged to have been sustained by Mrs. White through the negligent and careless driving of an automobile by John Donini. For a succinct statement of the evidence adduced upon the trial, we quote from our opinion rendered in the case upon a former appeal and reported in 167 Wash. 290, 9 P. (2d) 92:

"On behalf of the respondents [petitioners here], the proof showed that, while they were walking on a sidewalk on Olive street, in Seattle, an automobile in which appellants [respondents here] were traveling suddenly ran upon the sidewalk, striking Mrs. White and severely injuring her; that it then ran off the sidewalk along and across the street approximately seventy feet, where it stopped in collision with another automobile.

"Evidence on behalf of the appellants [respondents here], introduced without any objection on the part of the respondents [petitioners here], was to prove, among other things, that John Donini, prior to the accident, was in good health; that he and his wife, at the time of the accident, were on their way fulfilling a business appointment; that he drove their automobile westerly on Olive street into its intersection with Seventh street, and that, within the intersection, he felt a sudden hot pressure against his heart, and immediately became unconscious, whereupon his automobile ran upon the sidewalk and collided with Mrs. White; that his automobile then veered from the sidewalk along and across Olive street about seventy feet and stopped in collision with another automobile; that John Donini

was removed from his automobile, still unconscious, into the Medical Dental building nearby for care and attention; that he was at all times unconscious after becoming so in the intersection at Seventh street until after he was taken into the Medical Dental building; and that, prior to the accident, he had never been treated for, nor suffered from, any heart disease or trouble.''

At the conclusion of all the evidence taken upon the trial before a jury, each side moved the court for a directed verdict. The case was thereupon withdrawn from the jury, and the court made its findings of fact, conclusions of law and entered judgment thereon for the plaintiffs (petitioners here) in the sum of $18,750, the full amount prayed for. One of the findings was to the effect that Donini was guilty of careless, reckless and negligent driving in striking Mrs. White. The respondents requested a finding, in accordance with their proof, to the effect that, prior to the accident, Donini had been in good health, but suddenly became unconscious through a heart attack. The trial court refused to make such finding, but did include in its findings a statement to the effect that defendant (respondent) had introduced such testimony, but that the court had not considered it, as it was determined not to be a defense.

In reviewing the case upon appeal, this court held that the trial court was in error in refusing to consider such testimony of these respondents; that the court in making the findings should have done so with reference to all the evidence admitted under the respective theories of the parties, and thus have prepared the record for a proper consideration upon appeal. In remanding the case, this court said:

''In sending the case back to the trial court, as we think must be done, we follow the practice adopted under similar circumstances in *Balzer v. Aukamp,* 166

Wash. 1, 6 P. (2d) 614, and cases therein referred to, with directions to the judge who tried the case to enter findings and conclusions in consideration of *all the evidence already heard,* and to enter judgment *thereon,* from which either party aggrieved may appeal." (Italics ours.)

After the remittitur had gone down, these petitioners proposed, but failed to serve on opposing counsel, revised findings of fact, conclusions of law and judgment. These were adopted by the court, and were signed May 24, 1932, and entered on May 27, 1932. Included in those findings was the following:

"That the defendant at the time his automobile collided with the plaintiff was fully conscious and that at no time thereafter was he unconscious; that the court heard the witnesses that offered proof tending to prove that he was unconscious, and that the court having seen them and observed their demeanor and their method of testifying refused to give any credence to the testimony whatsoever."

On May 28, 1932, respondents filed their motion to set aside the findings, conclusions and judgment, on the ground that they had been irregularly presented and entered. On May 31, 1932, respondents served and later filed their proposed findings, conclusions and judgment. These proposed findings included one to the effect that, when Donini entered the intersection, he immediately became unconscious, and remained so until sometime after the accident; further, that prior to the accident he had never suffered from heart attack. These proposed findings, conclusions and judgment were never adopted nor signed by the court.

On July 5, 1932, the court, upon the previous motion of respondents and after a hearing, entered an order vacating and setting aside the findings, conclusions and judgment theretofore rendered and entered on May 27, 1932. From that order, the petitioners herein took an

appeal. Thereafter, the respondents herein interposed a motion in this court that the appeal be dismissed or affirmed upon the record. On October 26, 1932, this court entered its order dismissing the appeal.

What we have thus far stated constitutes the background of this case. We now come to the matter presently before us.

On January 17, 1933, according to the showing made in the petition, the petitioners herein presented to the trial court a motion for a new trial, based on all the statutory grounds, and also a motion to hear additional testimony. In support of these motions, the petitioners filed a series of affidavits which set up that, in the report of the accident made by Donini at police headquarters, he had admitted that he had had attacks of fits prior to the accident; further, that he had testified in police court that he was subject to epileptic fits. The affidavits also alleged that this evidence was not, and could not with reasonable diligence have been, discovered before the trial; that the police record was at that time missing and could not be found; that petitioners did not know of respondent's testimony in police court; that petitioners had made reasonable search for testimony and witnesses, and had produced upon the trial all the testimony and witnesses then known to be in existence; and that, if a new trial should be granted, witnesses could be produced who would testify that Donini had been subject to epileptic fits for years, and had had numerous accidents while under the influence of such fits. The evidence referred to in the affidavits tended to show that Donini's story of a heart attack just at the time of the accident, and then for the first time, was false and perjured.

■ An added purpose of the evidence thus offered to be shown was that Donini had reasonable cause to believe that his ailment would recur, and that it was

therefore negligence on his part to drive a car under the circumstances. That such evidence is competent on a charge of negligence, and proper to be considered by the trier of the facts, has judicial sanction. *Tift v. State,* 17 Ga. App. 663, 88 S. E. 41; *Bushnell v. Bushnell,* 103 Conn. 583, 131 Atl. 432, 44 A. L. R. 785; Huddy, Ency. of Automobile Law, Vol. 3, 4, p. 75. See, also, *White v. Stanley,* 169 Wash. 342, 13 P. (2d) 457.

The trial court was of the view that it had no jurisdiction to consider the motion for new trial or the motion to reopen the case, because, in sending the case back from this court on the first appeal, we directed the trial court "to enter findings and conclusions in consideration of all the evidence already heard and to enter judgment thereon." Upon request of petitioners, the trial court agreed to hold the matter in abeyance until the petitioners could make application to this court for the relief now asked for. The present petition was accordingly filed on January 31, 1931. It will be noted that the status of the case is the same now as it was when the remittitur went down. No effective findings of fact, conclusions of law or judgment on the merits have been rendered or entered.

Two questions are presented by the petition: (1) Has this court jurisdiction to grant the trial court permission to hear the two motions presented by the petition? and (2) if this court has such jurisdiction, is this a proper case for its exercise?

That the court has such power is beyond question, under our decisions. *Haaga v. Saginaw Logging Co.,* 170 Wash. 93, 15 P. (2d) 655; *State ex rel. Cross v. Superior Court,* 158 Wash. 46, 51, 290 Pac. 430; *In re Shilshole Avenue,* 101 Wash. 136, 141, 172 Pac. 338.

The present writer did not subscribe to the prevailing opinion in the recent *Haaga* case, but expressed his dissent therefrom. The dissent was based upon the

ground that the evidence therein, on which a new trial was sought, was not "newly-discovered," but "newly-created," that is, that it was evidence of a condition that had arisen long after trial and judgment, and further, that it was not shown that any fraud had been practiced in securing the verdict. The case at bar not only falls within the rule of the prevailing opinion in the *Haaga* case, but also escapes the disapproval voiced in the dissent. The evidence here sought to be introduced is not only newly discovered, but raises a question of false testimony.

The respondents argue that, when the original judgment was reversed, the case was remanded with instructions "to enter findings and conclusions in consideration of all the *evidence already heard* and to enter judgment *thereon*," thereby restricting the jurisdiction of the trial court. That contention hardly meets the situation now before us. It is, at present, not a question of the trial court's jurisdiction under our former mandate, but rather a question of our own jurisdiction now to grant leave to the trial court to entertain the respondents' motions. As already stated, such power to grant leave rests in this court.

On the second question, we are of the opinion that a proper showing for the exercise of our jurisdiction in the premises has been made. While some of the statements in the affidavits are too generalized to support the motion, yet, when the affidavits are taken in their entirety, we think that they are ample and sufficient to make a *prima facie* showing. We do not express any opinion upon the merits of the question whether petitioners are, or are not, entitled either to a new trial or to a reopening of the case, and we make no suggestion in that respect. It is not for us to predetermine the merits of either motion. We simply hold that there is a sufficient showing here to warrant

us in authorizing the trial court to exercise its own judicial discretion.

One other matter deserves notice. In their brief, petitioners made the following offer:

"The petitioners herein stipulate and bind themselves that in the trial court if they are permitted to introduce this new testimony that at the conclusion of it they will agree that the respondents at their option can pursue either course they see fit—either proceed to rebut the testimony before the trial judge or take a new trial and submit the case anew to a jury."

Whether or not respondents would be entitled to the alternative in the absence of such stipulation, a question that we do not here decide, we nevertheless give the stipulation a binding effect and make it a condition of our order herein.

It is therefore ordered that leave to the petitioners to present to the trial court their motions for new trial and to reopen the case, with leave to the court to entertain such motions, be and it hereby is granted, under the conditions set forth in petitioners' stipulation, and subject to the right of appeal from any order made by the trial court on either motion.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.