[No. 7052. Decided February 11, 1908.]

## In the Matter of the Estate of WILLIAM McKEEVER, Deceased.[1]

JUDGMENT—VACATION—HOMESTEAD — ORDER SETTING APART — REVIEW. An order setting aside a homestead for the use of a widow and children is a final order which can be set aside only by motion for a new trial or petition on statutory grounds, under Bal. Code, §§ 4953 and 5153, and cannot be vacated on petition of the widow on the mere allegation that the property was community property and that she was entitled to the exclusive possession of the same.

Appeal from a judgment of the superior court for San Juan county, Joiner, J., entered July 2, 1907, denying a petition to vacate an order setting aside property as a homestead for the use of a widow and minor children. Affirmed.

*Douglas, Lane & Douglas*, for appellant.

*W. R. Garrett*, for respondent.

RUDKIN, J.—William McKeever, a resident of San Juan county, in this state, died intestate on the 10th day of January, 1906. On the 8th day of March, 1906, his widow, Faith Helen McKeever, was appointed administratrix of his estate. On the 5th day of February, 1907, an order was entered in the estate matter, on application of the administratrix, setting apart the property now in controversy as a homestead for the use of the widow and two minor children

[1]Reported in 93 Pac. 916.

of the deceased. On the 3d day of July, 1907, the widow, having remarried in the meantime, petitioned the court to vacate the former order setting aside the homestead for the use of the widow and minor children and to enter an order setting the same aside for her sole use and benefit, to the exclusion of the children. The only reason assigned for vacating the first order is contained in the following paragraph of the petition:

"That your petitioner is advised and now believes that the above described property, being the community property of the petitioner and said William McKeever, deceased, and being the homestead of the petitioner and said William McKeever, and having been duly selected as a homestead by the petitioner by declaration filed and recorded as aforesaid, vested, upon the death of said William McKeever in your petitioner, as the surviving widow of said deceased, free and clear of any claim, right, title, or interest of the said minor children, and your petitioner is informed and believes that it is her legal right to have said premises set apart to her as aforesaid."

From an order denying the prayer of this petition, the present appeal is prosecuted.

The order setting aside the homestead in the first instance was in the nature of a final judgment that could only be set aside on motion for new trial within the time limited by law, or by motion or petition based on some statutory ground. The statutory grounds for such a proceeding are specified in Bal. Code, §§ 4953 and 5153 (P. C. §§ 424, 1033). It is manifest that the petition under consideration does not fall within any of the provisions of these sections, and the judgment of the court below is accordingly affirmed.

HADLEY, C. J., FULLERTON, CROW, MOUNT, ROOT, and DUNBAR, JJ., concur.