[No. 1354. February 4, 1911.]

IN THE MATTER OF THE LAST WILL AND TESTAMENT OF SARAH ELLEN DYE, Deceased,— ISAIAH A. DYE, Executor, Appellee, v. ORA BUTLER MEECE, Appellant.

### SYLLABUS.

1. "No act is decisive so as to constitute a conclusive election unless the remedial right, upon which such act is based, is irreconcilable with the remedial right which the subsequent action or suit is brought to enforce."

2. The action of appellant in filing her second petition

in the probate court did not constitute an election of remedies on her part.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Motion to dismiss appeal overruled.

NEILL B. FIELD and MINOR STEWART for Appellant.

Appeal was seasonably taken and court had jurisdiction. Brockett v. Brockett, 2 Howard 241; Pearce v. Strickler, 9 N. M. 46; Slaughter-House Cases, 10 Wall. 289; Texas & Pacific Ry. Co. v. Murphy, 111 U. S. 488; Aspen Mining Co. v. Billings, 150 U. S. 31; Voorhees v. Man. Co., 151 U. S. 135; Southern Pacific R. R. Co. v. Holmes, 155 U. S. 137; Kingman v. Western Man. Co., 170 U. S. 675; Lockman v. Lang, 132 Fed. 1; Hurst v. Hollingworts, 94 U. S. 111; Plymouth Co. v. Amador, Co., 118 U. S. 264; Files v. Brown, 124 Fed. 132; Hooven v. Featherstone's Sons, 111 Fed. 81; McFadden v. Mountain View, 97 Fed. 670; Michels v. Olmstead, 157 U. S. 198; Newell v. Myendorf, 23 Pacific 335; Davis v. Wakelee, 156 U. S. 691; Bigelow on Estoppel 601.

No guardian ad litem was necessary. C. L. 1897, sec. 1459; Laws 1901, p. 113; Hall's Mexican Law, sec. 2013; Montoya v. Miller, 7 N. M. 289; U. S. v. Bainbridge, 24 Fed. Case 946.

Case could not be properly dismissed on the ground that appellant had not legal capacity to sue. C. L. 1897, secs. 1983, 900, 1981; Cohens v. Virginia, 6 Wheaton 407; Nations v. Johnson, 24 Howard 205; Park v. Higbee, 24 Pac. 524; Damouth v. Klock, 29 Mich. 289; 22 Cyc. 562; Johns v. Smith, 56 Miss. 727; Seaton v. Tohill, 53 Pac. 170; Lloyd v. Kirkwood, 112 Ill. 338; Ralston v. Lahce, 8 Iowa 17; Claxton v. Claxton, 56 Mich. 557; Drago v. Moso, 40 Am. Dec. 592; Hoskins v. White, 32 Pac. 163; Schemerhorn v. Jenkins, 7 Johns 373; Young v. Young, 3 N. H. 345; Blood v. Harrington, 8 Pick. 552; Billups v. Freeman, 52 Pac. 367; Kemp v. Cook, 18 Md.

130; Park v. Higbee, 24 Pac. 524; Teller v. Wetherell, 6 Mich. 45; Pickett v. Legerwood, 7 Pet. 144.

MARRON & WOOD for Appellee.

Guardian ad litem was necessary to conduct case for contestant. C. L. 1897, secs. 929, 1465, 1981, 1985, 2685, sub-secs. 8, 9; In re Gourand, 95 N. Y. 256; Hoyt v. Hoyt, 112 N. Y. 511; Bouvier's Law Dictionary; 15 P. & P. 467; Montoya v. Miller, 7 N. M. 289.

Court did not err in dismissing appeal. C. & C. Bridge Co. v. Brennan, 16 Ky. L. 126; Haines v. Oatman, 2 Doug. 430, Mich.; Keran v. Clouser, 5 Blackf. 604; Lumpkins v. Justice, 1 Ind. 557; Wolford v. Oakley, 43 How. Pr. 118, N. Y.; Fitch v. Fitch, 18 Wend. 513; Sutton v. Nichols, 20 Kas. 43; Blood v. Harrington, 8 Pick. 552; Sparkling v. Mack, 86 Ill. 125; 12 P. & P. 519.

## OPINION OF THE COURT.

MECHEM, J.—This comes up upon motion of the appellee to dismiss the appeal, assigning as grounds of said motion to dismiss: First: That "the motion to vacate the judgment and reinstate the cause was not a motion for a new trial, did not suspend the judgment and, therefore, did not extend the time for taking an appeal," the basis of this ground being, that more than one year elapsed after the rendition of the judgment of the court below dismissing the action; that thereafter a motion to set aside and vacate said order of dismissal was made and taken under advisement for some months by the trial court before said motion was finally refused, and an appeal was taken within one year after the entry of an order overruling the motion to vacate and set aside the judgment of dismissal, but more than one year after the rendition of the judgment. The contention of the appellee is, that this motion to vacate and set aside the judgment was different from that of a new trial, in that it did not suspend the judgment, and, therefore, did not extend the time for taking an appeal. This point was settled adversely to appellee's contention by the recent decision of Sacramento

Valley Irrigation Company v. Oliver M. Lee, 15 N. M. 567; 113 Pac. 834.

Second: The second ground assigned for dismissal is that, "the appellant abandoned her right to appeal from the judgment of dismissal when she commenced her proceedings anew in the probate court." A short statement of the proceedings had in this case is necessary to show the basis of this objection. This was a case brought originally in the probate court by the appellant to revoke the probate of a will. The case was tried in the probate court, appealed to the district court, where, it being shown that the appellant was not of legal age, the court, for that reason, entered judgment of dismissal. Motion was made to vacate and set aside said order. The trial judge overruled the motion to set aside and vacate the judgment on the 24th day of May, 1909, and thereafter, on the 4th day of May, 1910, an order was entered granting the appeal. Upon the 4th day of October, 1909, the apellant, having become of age, instituted a new proceeding in the probate court to revoke the will. This proceeding was dismissed by the probate court upon the motion of appellee, in which motion grounds were assigned in support thereof, first, of the existence of this pending appeal, also of a pending appeal in the Supreme Court of the United States upon a writ of mandamus to compel the district judge to reinstate this cause in the district court, and, also, for the reason that, the petition to revoke the probate of the will was not commenced within one year, as provided by law. A petition is now pending in the district court for a mandamus to the probate court to reinstate the latter proceeding.

In their brief, in support of this motion, counsel for appellee cite the following from 2 Cyc. 659: "If a party after judgment against him prosecute another action based upon the same cause, he estops himself from appealing from the first judgment or from bringing error to review it." We believe that this statement of the law, and cases cited in support thereof, might apply to a case where an appellant or plaintiff in error has prosecuted another action to a conclusion; at least, this is the principle

which is to be deduced from the cases cited, and, we believe, none other can be drawn from them, except the case of Carr v. Casey, 20 Ill. 638, in which, at the time the appeal was dismissed, a new suit was actually pending in the court below. However, even if the cases cited do bear out the construction contended for by counsel, we are unwilling to follow them. In their reply brief on this motion, ˙counsel for appellee say they think that the rules governing their motion are more analogous to those affecting election of remedies, though differing from their first contention and the doctrine of election in some particulars, and, they suggest, in support of this position, that the policy of the law is not to encourage litigation, or permit one party, "out of abundant caution," to harass another with prolific and vexatious litigation; that, when the trial court dismissed the appellant's proceedings, and especially when this court refused mandamus, her remedy was not in the least doubtful; that she had her appeal from the judgment of dismissal, or, she could accept that judgment as final and commence anew in the probate court; and, that the remedies are not consistent, and, therefore, she could not do both. "No act is decisive so as to constitute a conclusive election unless the remedial right, upon which such act is based, is irreconcilable with the remedial right which the subsequent action or suit is brought to enforce." 15 Cyc. 261.

Considering, then, this appeal and the new proceeding attempted to be instituted by appellant in the probate court, are they irreconcilable and inconsistent, and, if so, wherein? Nothing claimed by either, denied anything claimed by the other. Appellant brings this appeal to correct an error she says was committed to her injury by the lower court. She brought the new proceeding in the probate court to have the probate of her mother's will revoked. She can claim error in the judgment of the court below, and, at the same time, that there exists good and sufficient reasons .why the probate of her mother's will should be revoked, without relying upon anything in the former proceeding that negatives or is incompatible with what she must assert to maintain the latter. And, while,

as suggested by counsel for appellee, the policy of the law is not to foster or to encourage litigation or to permit one party "out of abundant precaution" to harass another with prolific and vexatious litigation, yet, we do not think that appellant's course in this controversy subject to such criticism. By the decision of the district court the appellant was denied the right to maintain her suit, and, feeling herself aggrieved by being deprived of what she considered an undeniable right, she appealed and asks this court to restore to her that which she has been refused. But appeals cannot be disposed of immediately, and there is a statute which fixes a limitation of one year in proceedings to revoke the probate of a will, the time to run from the date of probate. It would be unjust to hold that, a party who "reasonably deemed" that a judgment against her was erroneous should be compelled to elect whether she would waive the error and commence anew, and thus admit the judgment was right, when she felt that it was wholly wrong, or stake her all upon an appeal. Her only safe course was to commence anew in the probate court, so, if the appeal was decided against her, she would still have the opportunity to enforce her rights, which opportunity the law is popularly supposed to afford to those living under it. Therefore, we hold that, the action of appellant in filing her second petition in the probate court did not constitute an election of remedies on her part. For the foregoing reasons the motion to dismiss the appeal is overruled.

E. R. Wright, A. J., and C. J. Roberts, A. J., dissent.