[No. 9901.   Department One.   October 9, 1911.]

ROBERTSON MORTGAGE COMPANY, *Respondent*, v. MAGNOLIA
HEIGHTS COMPANY *et al., Appellants.*[1]

APPEAL—DECISIONS REVIEWABLE—FINAL ORDERS—DENYING MODI-
FICATION OF JUDGMENT.   An order denying a motion to modify a
decree is not appealable where the motion was based only on errors
reviewable on appeal from the final judgment.

Motions to dismiss appeals from the superior court for
King county, Neal, J., entered May 4, 1911.   Granted.

*Shepard & Flett, Brady & Rummens,* and *Roberts, Battle,
Hulbert & Tennant,* for appellants.

*John T. Condon,* for respondent.

PARKER, J.—This cause is before us upon motions of re-
spondent to dismiss the appeals attempted to be taken by
the defendants, Magnolia Heights Company, W. H. B.
Thomas and wife, and Westmoreland Company, from an
order of the superior court for King county denying their
applications for modification of a final foreclosure decree
theretofore rendered against them in that court.

A careful reading of the applications seeking modification
of the final decree fails to disclose any grounds for modifi-
cation as prayed for, other than such as are based upon al-
leged errors committed by the superior court in the pro-
ceedings upon which that final decree rests. It has been
repeatedly held by this court that an order denying a motion
to vacate a final judgment when the motion involves only al-
leged errors occurring in the cause in which the judgment is
rendered is not appealable; but that a review of such errors
must be sought in this court by a direct appeal from the
final judgment.   *Sound Inv. Co. v. Fairhaven Land Co.,* 45
Wash. 262, 88 Pac. 198; *State v. Tenney,* 63 Wash. 486,
115 Pac. 1080.

[1]Reported in 117 Pac. 1121.

An application to modify a final decree, based alone upon alleged errors committed by the court in the cause in which the decree was rendered, is the same in principle as an application to vacate a final judgment or decree because of such errors. Each is equally an effort to have reviewed mere errors occurring in the cause, otherwise than by an appeal from the final judgment or decree. If errors could be reviewed by such method, the time limit for taking appeals would be rendered practically ineffectual.

The appeals are dismissed.

DUNBAR, C. J., CROW, MOUNT, and GOSE, JJ., concur.