[No. 15582.   Department One.   December 17, 1919.]

*In the Matter of the Estate of* ANDERS NILSON.[1]

EXECUTORS AND ADMINISTRATORS (169)—DECREE—CONCLUSIVENESS —WIDOW'S IGNORANCE OF RIGHTS.   Under Laws of 1917, p. 689, § 163, providing that a decree of final distribution shall be final and conclusive as to all the world, a widow is not entitled to have a decree set aside to enable her to make a claim for a homestead, on the ground that she was ignorant of English and of her rights, in the absence of a showing of fraud or grounds for the vacation of a judgment as required by Rem. Code, §§ 464-473.

Appeal from an order of the superior court for Kitsap county, Ronald, J., entered April 2, 1919, denying the vacation of a final decree of settlement and distribution, after a hearing upon objections to the petition.   Affirmed.

*Herbert E. Snook,* for appellant.

*James Kiefer,* for respondents.

MAIN, J.—This is an appeal from an order of the superior court dismissing a petition to vacate the final

[1]Reported in 186 Pac. 268.

decree of settlement and distribution in the estate of Anders Nilson, deceased. The petitioner was the widow of the deceased. Anders Nilson died intestate on March 19, 1917, leaving surviving him the petitioner and a number of children by a former marriage, all adults. The widow petitioned the superior court that one C. O. Qualheim be appointed administrator of the estate, and the heirs approved the petition. Qualheim was appointed administrator, qualified, and proceeded in a regular way to administer the trust. On July 20, 1918, a decree was entered approving the administrator's final account and distributing the estate. On the 19th day of November, 1918, Mrs. Nilson, the widow, petitioned the probate court to vacate and set aside the decree of settlement and distribution. This petition was answered by the other parties interested in the estate. When the cause was called for trial, the heirs objected to the matter proceeding, because they contended that the petition showed no facts which would justify the court in vacating and setting aside the decree of distribution. The court sustained this position and entered an order dismissing the petition. From this order, the petitioner, Mrs. Nilson, appeals.

There is no charge in the petition of fraud, wrongdoing, or overreaching. The purpose of the petition was to have a vacation of the decree of distribution in order that the petitioner might make a claim that a homestead be set apart to her out of the community real property. She alleges, as a reason for not making the claim prior to the distribution of the estate, her unfamiliarity with the English language and ignorance of her rights.

In § 163 of the probate code (Laws of 1917, ch. 156, p. 689), it is provided that the decree of final settlement and distribution entered in an estate matter "shall be final and conclusive as to all the world."

In *In re Doane's Estate,* 64 Wash. 303, 116 Pac. 847, under a prior statute which was less comprehensive in its terms than is the language of the probate code above quoted, it was held that a decree settling the final account of an executor or administrator, when regularly entered, has all the force, effect and finality of any other final judgment rendered by a superior court. Before a judgment vacating a decree can be entered, it is necessary that a showing be made which satisfies the statute covering the matter of the vacation of judgments (Rem. Code, Title III, ch. 17, §§ 464-473). The showing in this case does not meet the requirements of the statute.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MITCHELL, JJ., concur.