[No. 16182.    *En Banc.*    July 28, 1921.]

## In the Matter of the Estate of M. F. JONES.
### ISABELLA JONES, *Respondent,* v. EVA A. BABCOCK *et al., Appellants.*[1]

JUDGMENT (106)—VACATION—ERROR OF LAW. Error of the court in applying the law to the facts, in making a decree of final distribution of an estate under the provisions of Rem. Code, § 1341, would constitute an "error of law"; and no distinction can be drawn between judgments in probate and other civil actions, nor from the fact that an administratrix procured the decree exactly in the form she asked it.

SAME (106). Under the settled practice of this state not to vacate judgments for error of law that could be corrected on appeal, a petition for the vacation of a judgment for error of law, discovered too late to be used on appeal, will not be entertained by the courts, though apparently sanctioned by Rem. Code, §§ 303, 464, 465.

Appeal from a judgment of the superior court for King county, Jurey, J., entered January 10, 1920, upon findings in favor of the plaintiff, in an action to vacate a judgment, tried to the court. Reversed.

*James McCabe (Hyman Zettler,* of counsel), for appellants.

*Karr & Gregory, H. G. Sutton,* and *Burkheimer & Burkheimer,* for respondent.

MACKINTOSH, J.—In October, 1917, M. F. Jones died intestate, leaving surviving him a widow, the petitioner herein, who was appointed as administratrix of his estate. He left surviving him no children, and no direct descendants; no father, mother, brother, nor sister, but twelve nieces and nephews, and children of deceased nieces and nephews. Jones' estate consisted of community and separate property, and in December, 1918, was in condition for the filing of the

[1]Reported in 199 Pac. 734.

final account and the securing of an order of distribution. In that month such an order was entered upon the petition of the administratrix, and by the order she received all the community property and all the personal property, while the separate real property was distributed one-half to her, as the widow, and one-half to the nieces and nephews and children of deceased nieces and nephews. The estate was administered and distributed upon the theory that these nieces and nephews were entitled, under § 1341, Rem. Code, to one-half of the separate realty of the deceased.

In July, 1919, after the filing of the final account and petition for distribution, the widow, having in the meantime consulted attorneys other than those that represented her in the settlement of her husband's estate, determined that, under § 1341, she was entitled to all of her deceased husband's separate realty, and that the distribution which had been made was erroneous. Therefore, in that month, she filed this her petition to vacate the decree of distribution and sought to have the entire property of the estate awarded her. In this effort she was successful in the lower court, and this appeal has been taken.

The filing of the petition by the respondent for vacation of the decree of distribution is claimed to be sanctioned by Rem. Code, § 303, and subds. 1 and 3 of § 464. To determine whether any such sanction exists is to determine this appeal. It is unnecessary to give to § 1341 of the probate code a determination as to whether the view of the law taken by the respondent during the administration of her husband's estate, or the view which she now contends for, be the correct one. An interesting and close question is presented by the language of that section, but we will assume that respondent's present view correctly interprets the language and meaning of the section, and that the

respondent and the court were in error at the time the decree of distribution was made. It is incumbent upon us to inquire into the nature of this mistake, that is, whether it was a mistake of fact or a mistake of law. To clear the ground for the question just stated, it is necessary to first dispose of a few preliminary matters.

In the case of *Morgan v. Williams,* 77 Wash. 343, 137 Pac. 476, this court concisely defined an error of law as being an ''error in applying the law to the facts as pleaded and established.'' That is the situation here. The court had before it the names of nieces and nephews and children of deceased nieces and nephews, and referring to § 1341 of the probate code, under which distribution is to be made, decided, as a matter of law, that that section entitled these persons to a share of the Jones' estate.

Argument is made that a distinction is to be drawn between judgments or decrees entered in actually contested matters, and a decree in a probate proceeding where there has been no contest. The fact that the administratrix had, as has been alluded to, secured the decree of distribution of which she now complains, exactly in the form in which she asked it, does not affect the nature of the final decree. This court has always held that a decree in probate and a judgment in other forms of action are not to be distinguished as to their effect, nor should there be any distinction between them in applying the general rules as to new trials, vacations of judgment, etc. An error of law, as we will hereafter show, does not furnish ground for the vacation of judgment in an ordinary civil proceeding, and there is no reason why it should have a different effect in reference to probate decrees. See *In re McKeever's Estate,* 48 Wash. 429, 93 Pac. 916; *In re Ostlund's Estate,* 57 Wash. 359, 106 Pac.

1116, 135 Am. St. 990; *Alaska Banking & Safe Deposit Co. v. Noyes,* 64 Wash. 672, 117 Pac. 492; *In re Hamilton's Estate,* 108 Wash. 326, 184 Pac. 337; *In re Nilson's Estate,* 109 Wash. 127, 186 Pac. 268.

We come now to the consideration of the question whether a petition for vacation of judgment may be entertained for error of law discovered too late to be used on appeal.

A literal reading of Rem. Code, §§ 303 and 464, which are as follows:

"And the court may 'upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect'." Rem. Code, § 303.

"(1) By granting a new trial for the cause, within the time and in the manner and for any of the causes prescribed by sections relating to new trials.

"(3) For mistakes, neglect or omission of the clerk or irregularity in obtaining the judgment or order." Rem. Code, § 464, subds. 1 and 3.

together with the statutes relating to new trial (Rem. Code, §§ 465 and 399, sub. 7), as follows:

"When the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term (time) when the verdict, report of referee or decision was rendered or made, the application may be made by petition filed as in other cases, not later than after the discovery, on which notice shall be served and returned, and the defendant held to appear as in the original action, . . . but no motion shall be filed more than one year after the final judgment was rendered." Rem. Code, § 465.

"The former verdict or other decision may be vacated and a new trial granted, on the motion of the party aggrieved, for any of the following causes materially affecting the substantial rights of such party, . . .

" (7) Insufficiency of the evidence to justify the verdict or the decision, or that it is against the law." Rem. Code, § 399, sub. 7.

would seem to substantiate the right of the respondent to file her vacation petition, and respondent's attorneys have added to the mere reading of those sections an argument which is especially logical and persuasive, and did we consider the question an open one, it is probable that the interpretation which they advance would be adopted as the correct one. This court has, however, in so many cases decided that judgments will not be vacated for errors of law that it has become the fixed and settled rule of this state. Although it may not satisfy the strict letter of the law, it does satisfy the spirit thereof, and in the majority of cases it is more conducive to correct and satisfactory results than would be the contrary interpretation. Although never applied to exactly the same facts as are presented here, the rule has been consistently adhered to under the varying states of facts which have arisen in different cases, and it would only introduce confusion where there now exists a rule, established and understood, to make an exception in the present case. These decisions go back to a statement of the principle enunciated in 1 Black, Judgments (2d ed.), § 329:

"The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion."

Some of the cases which have considered this question may be cited as follows: *Tacoma Lumber & Manufacturing Co. v. Wolff,* 7 Wash. 478, 35 Pac. 115, 755; *Bozzio v. Vaglio,* 10 Wash. 270, 38 Pac. 1042; *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725; *Green v. Williams,* 13 Wash. 674, 33 Pac. 588; *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207, 51 Pac. 363; *State ex rel. Grady v. Lockhart,* 18 Wash. 531, 52 Pac. 315; *Roberts v. Shelton Southwestern R. Co.,* 21 Wash. 427, 58 Pac. 576; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182; *State v. Boyce,* 25 Wash. 422, 65 Pac. 763; *State ex rel. Stratton v. Tallman,* 29 Wash. 317, 69 Pac. 1101; *Coyle v. Seattle Electric Co.,* 31 Wash. 181, 71 Pac. 733; *State ex rel. Hennessy v. Huston,* 32 Wash. 154, 72 Pac. 1015; *McInnes v. Sutton,* 35 Wash. 384, 77 Pac. 736; *Snohomish Land Co. v. Blood,* 40 Wash. 626, 82 Pac. 933; *Warren v. Hershberg,* 52 Wash. 38, 100 Pac. 149; *National Bank of Commerce v. Kilsheimer & Co.,* 59 Wash. 460, 110 Pac. 15; *Robertson Mtg. Co. v. Magnolia Heights Co.,* 65 Wash. 260, 117 Pac. 1121; *McElroy v. Hooper,* 70 Wash. 347, 126 Pac. 925; *Morgan v. Williams, supra; Faulkner v. Faulkner,* 90 Wash. 74, 155 Pac. 404; *In re Hamilton's Estate* and *In re Nilson's Estate, supra.*

For the reasons stated, the judgment of the lower court was erroneous in vacating the final decree of distribution and is reversed.

PARKER, C. J., BRIDGES, FULLERTON, MAIN, HOLCOMB, TOLMAN, and MITCHELL, JJ., concur.