[No. 23505. Department Two. January 12, 1933.]

VALLEY IRON WORKS, INC., *Respondent*, v. INDEPENDENT BAKERY, INC., *et al., Respondents*, PETER SWENSSON, *Appellant*.[1]

*Grady & Velikanje, Roberts & Roberts*, and *Walter V. Swanson*, for appellant.

*A. C. Spencer, Richards, Gilbert & Conklin*, and *Hamblen & Gilbert*, for respondent Oregon-Washington Railroad & Navigation Company.

*Geo. H. Mullins*, for respondent Independent Bakery, Inc.

MAIN, J.—The plaintiff, Valley Iron Works, Inc., a corporation, brought this action to foreclose a lien for materials furnished in the construction of a building.

[1]Reported in 17 P. (2d) 898.

In addition to the Oregon-Washington Railroad & Navigation Company, a corporation, the owner of the property, and the Independent Bakery, Inc., a corporation, the lessee thereof, there was a number of claimants made parties defendant, one of whom was Peter Swensson, who appeared by cross-complaint. As to this defendant, the case came on for trial upon his third amended cross-complaint, and objection to any testimony thereunder was sustained. As to the other parties to the action, the trial proceeded.

July 17, 1931, a judgment was entered dismissing the cross-complaint of Swensson. September 3, 1931, he presented a motion, which was supported and resisted by affidavits, by which he sought "an order dismissing the 'order dismissing the cross-complaint of Peter Swensson'." September 4, 1931, Swensson made an application to the court to amend paragraph 5 of the cross-complaint.

September 9, 1931, an order was entered denying the motion to dismiss or set aside the order dismissing the cross-complaint and refusing leave to amend. It is from this order that Swensson appeals. There is no appeal from the judgment dismissing the cross-complaint, and no appeal from the final judgment in the cause. The only parties respondent before us on the appeal are the Independent Bakery and the railroad company. As to the latter, upon the oral argument, its motion to dismiss the appeal as to it was confessed.

From the facts stated, it will be seen that the motion, which was denied by the order appealed from, and the affidavits in support thereof, were made long after the time in which a motion for new trial might have been interposed as against the judgment dismissing the cross-complaint. The motion and the affidavits

in support thereof will be treated as a petition to vacate the order complained of. The time for interposing a motion for new trial having expired as against the judgment dismissing the cross-complaint, the appellant's relief, if any, by way of petition, must be afforded him by some statutory provision.

 Rem. Rev. Stat., § 303, provides that a party may have relief from a judgment or order taken against him through "his mistake, inadvertence, surprise or excusable neglect." Section 464, in part, provides that a judgment may be vacated after the time it was made or entered "for mistakes, neglect or omission of the clerk or irregularity in obtaining the judgment or order." Section 465 provides that, where the grounds for a new trial could not, with reasonable diligence, have been discovered before the time the "decision was rendered or made," an application may be made by petition to set the same aside within one year "after the final judgment was rendered."

Taking the affidavits of the appellant in support of the motion, which we treat as a petition, there is nothing in them that would bring the appellant within any of the provisions of the statutes referred to. The time for filing a motion for new trial having elapsed, the remedy of the appellant, if any, was under the above mentioned statutes, and that remedy was exclusive. *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088; *Muller v. Hendry, ante* p. 9, 17 P. (2d) 602.

The application to amend was subordinate to the vacation of the order refusing to dismiss or set aside the judgment dismissing the cross-complaint, and it does not appear that any further consideration need be given here to that phase of the matter. The appel-

352

lant, not having brought himself within any of the provisions of the statutes mentioned, is without remedy.

The appeal as to the Oregon-Washington Railroad & Navigation Company will be dismissed, and as between the respondent Independent Bakery and the appellant Swensson, the order appealed from will be affirmed.

BEALS, C. J., STEINERT, and TOLMAN, JJ., concur.