[No. 25719. *En Banc.* April 1, 1936.]

*In the Matter of the Estate of* IRA BRONSON, *Deceased.*

ANNIE W. BRONSON *et al., Appellants,* v. ROBERT ELIOT BRONSON, *as Executor, et al., Respondents.*[1]

[1] Reported in 55 P. (2d) 1075.

*W. Harold Hutchinson* and *George E. Mathieu,* for appellants.

*Wright, Jones & Bronson,* for respondents.

TOLMAN, J.—On August 11, 1930, there was filed in the office of the clerk of the superior court for King county what purported to be the last will of Ira Bronson, deceased, together with a petition signed and verified by Robert Eliot Bronson asking that that will be probated. At the same time, there was filed in the office of the clerk what purported to be a codicil, executed by Mr. Bronson some three years after his will was executed, which codicil by its terms vacated and eliminated bequests in the will to Mr. Bronson's mother of fifty dollars a month for life and to his two sisters of five thousand dollars each to be paid in cash. After the filing of the will, the codicil and the petition, and on the same day, the proponent procured to be entered by the court a decree in the usual form admitting the will to probate, no mention whatever being made of the codicil in the decree.

On the same day, there was filed in the clerk's office a petition setting up that Ira Bronson died in the city of Long Beach, California, on the 16th day of June, 1930; that the decedent had executed a codicil to his will dated February 22, 1930, which codicil was signed by Walter W. Horne and Marjorie Lee Horne as subscribing witnesses; and that such witnesses were residents of Long Beach, California. The petition asked for an order to take the testimony of the subscribing witnesses by deposition, and on the same day

an order was made directing that the testimony of the subscribing witnesses to the purported codicil be taken by deposition and returned to the clerk of the superior court.

Under the decree admitting the will to probate, the executors qualified, and, it appearing that the will was a nonintervention will, an order of solvency was duly made; and the probate of the estate proceeded in regular course without any mention or suggestions by any one of a codicil being in existence until August 15, 1933, three years after the will had been admitted to probate, when a notice to the legatees affected by the purported codicil was given. to the effect that the executor Robert Eliot Bronson would make application to the court for a decree probating the codicil, which had been filed on August 11, 1930, at a time fixed in the notice. There was a motion to strike this petition, and a demurrer was entered thereto. Various proceedings were had, not necessary to be here set out, and on February 19, 1935, orders and a decree were entered denying the motion to strike, overruling the demurrer, and admitting the .codicil to probate. From the decree admitting the codicil to probate, the parties adversely affected thereby have appealed to this court.

Respondents have moved to dismiss the appeal, contending that, by proceedings taken subsequent to the date of the decree appealed from, appellants are asserting rights and accepting benefits under the decree; and that, by proceedings which appellants instituted in the superior court subsequent to the date of the decree appealed from, appellants are waging before that court a contest against respondents by which it is sought to obtain a reconsideration by the superior court of the issues involved in this appeal.

The decree admitting the codicil to probate, which

was signed and filed, as above set forth, reads as follows:

"A certain document purporting to be a codicil to the last will of Ira Bronson, deceased, having been filed with the clerk of the above entitled court on the 11th day of August, 1930, and said document having been presented to the court for probate on said 11th day of August, 1930, and said document having been called to the attention of the court in the above entitled matter, and the testimony and depositions pertaining thereto having been heard, read and considered and the same having been reduced to writing and certified by the court; the court finds that said codicil was duly executed by said Ira Bronson, in his lifetime on the 22d day of February, 1930, at Los Angeles, California in the presence of Walter W. Horne and Marjorie B. Horne, competent subscribing witnesses thereto; that said witnesses attested said document in the presence of said testator at his request and in the presence of each other; that said decedent at the time of executing said codicil was above the age of majority and of sound mind and not under duress, menace, fraud or undue influence or in any respect incompetent to execute the same.

"It Is Odered that said document filed in this court on the 11th day of August, 1930, be and hereby is admitted to probate as the codicil to the Last Will and Testament of Ira Bronson, deceased.

"That by consent of the executors given in open court upon the hearing and at the time of signing this decree, objectors shall have the right to institute a contest of the will and codicil herein within the time provided by law dating from the date hereof. Exception noted and allowed to objectors."

Respondents, in support of their motion to dismiss this appeal, show that, subsequent to the entry of this decree, appellants filed in the superior court their petition instituting a contest of the codicil, setting forth in their petition eleven grounds of contest, in each of which appellants set forth the admission of the codicil

to probate; that they had appealed to this court from the decree; that their appeal was pending, but would not be heard within six months from the date of the entry of the decree. They further alleged that they filed their petition of contest without, in any way, waiving their rights under their appeal; and that they filed their petition when they did because of the statutory limitation upon the institution of will contests and without waiving any rights or claims on their part. Respondents contend that appellants, having appealed as they did "from the whole and every part of" the decree, which decree expressly accorded to appellants the right to institute a contest of the codicil, have availed themselves of a right granted them by the decree and have accepted a benefit thereunder, and that it should now be held that, by their acts, appellants have abandoned or waived their right to appeal, and that the appeal now presents only a moot question and for that reason should be dismissed.

Respondents rely upon the general proposition of law which is stated in 4 C. J. 580, § 2389, as follows: "Where appellant accepts the benefits of the judgment, order, or decree, the appeal will be dismissed."

Respondents rely upon several decisions of this court in which it was held that an appeal would be dismissed upon a showing that the subject matter of the controversy had ceased. *State ex rel. Coiner v. Wickersham,* 16 Wash. 161, 47 Pac. 421; *Campbell v. Hall,* 28 Wash. 626, 69 Pac. 12; *Traves v. McLees,* 32 Wash. 258, 73 Pac. 371; *Trumbull v. Jefferson County,* 37 Wash. 604, 79 Pac. 1105; *Maxham v. Berne,* 88 Wash. 158, 152 Pac. 673. Authorities from other jurisdictions are also cited.

Respondents contend that, while the proceedings below were based upon appellants' motion to strike and demurrer, the hearing thereon actually resulted

in an adversary proceeding and a determination based upon evidence, a statement of facts having been proposed by appellants and settled by the court, the court having found that the codicil was duly executed, properly attested by competent witnesses, and that the decedent was over the age of majority, etc. All of these facts are found by the court in every decree admitting a will to probate, but under the statute such a will may be contested within six months after the entry of the order. Respondents contend here, however, that, the entry of the decree appealed from having been resisted, a different situation is presented in the case at bar.

The cases cited by respondents have been carefully examined, but are not controlling. In each instance, it appeared that the controversy had ceased, and that the appeal therefore presented merely a moot question.

Respondents also rely upon the case of *Morrison v. Bernot,* 58 Wash. 302, 108 Pac. 772. From the opinion, it appears that the action was brought to enjoin defendant from filling a drainage ditch. Defendant Bernot cross-complained for damages by reason of the construction of the ditch, also asking for injunctive relief. Thereafter, the superior court, on plaintiff's motion and without a trial, dismissed the action, over the protest of defendant, who thereupon commenced a new action against the plaintiff, practically identical with his cross-complaint, save that he did not ask for damages. His application for a temporary injunction in the second action having been refused, Bernot appealed both from the judgment of dismissal in the first action and from the order denying a temporary restraining order in the second. The two appeals were consolidated for hearing before this court. It was held that the institution of the second action was a

waiver of any error which might have been committed by the trial court in the dismissal of the first, the second action being identical with Bernot's cross-complaint in the original cause.

It clearly appearing that all questions sought to be litigated by Bernot in the first action were being litigated in the second, the appeal which he attempted to prosecute from the judgment of dismissal was properly dismissed. It clearly appeared that Bernot was waging a cause of action absolutely identical with that which he had sought to present in the first cause. The situation presented in the case cited is not analogous to that now before us.

Appellants cite the opinion of this court in the case of *Olson v. Seldovia Salmon Co.*, 89 Wash. 547, 154 Pac. 1107, which was an original application before this court for an order directing the substitution of executors of a deceased surety in lieu of the deceased surety on a supersedeas bond, and for the entry of summary judgment on the bond against the executors. It appeared that, upon the death of the surety and the opening of probate upon his estate, the judgment creditor in the case in which an appeal had been taken from a judgment against the defendant had filed in the surety's estate a contingent claim based upon the liability of the deceased on the supersedeas bond, and upon rejection of the claim had brought an action thereon in the superior court. It was here contended that this operated as an election of remedies and barred the applicant from insisting in this court upon a judgment against the personal representatives of the deceased surety. We held that the objection was not well taken, that the appeal had vested this court with jurisdiction to direct the character of the judgment to be entered, and that the respondent had the

right to pursue his action in this court to its final termination. In this connection, the opinion states:

"Under the rule that a person may not pursue two remedies for the same wrong, it might be a defense to the action in the other court that an action for the same recovery was pending here, but the converse of the rule would not be true. Another action pending is a plea to a second action for the same cause of action, but is not a plea to the primary action. 1 C. J. 57; *Westmoreland Co. v. Howell,* 62 Wash. 146, 113 Pac. 281."

The opinion of the supreme court of New Mexico *In re Dye's Will,* 16 N. M. 191, 113 Pac. 839, is of interest in this connection. It appeared that the appellant before the supreme court had instituted a proceeding in the probate court to revoke the probate of a will. The petition was dismissed because the petitioner was not of legal age, from which decree an appeal was taken. Pending the appeal, in order to toll the statute of limitations, the appellant before the supreme court filed in the probate court a new petition attacking the will on the same ground. The respondents moved to dismiss the appeal on the ground that, by filing a new petition, the appellant had abandoned her appeal and was estopped to prosecute the same. In the course of its opinion denying the motion to dismiss, the court said:

"By the decision of the district court the appellant was denied the right to maintain her suit, and, feeling herself aggrieved by being deprived of what she considered an undeniable right, she appealed and asks this court to restore to her that which she has been refused. But appeals cannot be disposed of immediately, and there is a statute which fixes a limitation of one year in proceedings to revoke the probate of a will, the time to run from the date of probate. It would be unjust to hold that a party who 'reasonably deemed' that a judgment against her was erroneous should be compelled to elect whether she

would waive the error and commence anew, and thus admit the judgment was right, when she felt that it was wholly wrong, or stake her all upon an appeal. Her only safe course was to commence anew in the probate court, so, if the appeal was decided against her, she would still have the opportunity to enforce her rights, which opportunity the law is popularly supposed to afford to those living under it. Therefore, we hold that the action of appellant in filing her second petition in the probate court did not constitute an election of remedies on her part.''

The right to contest a will is a statutory right. The paragraph of the decree appealed from, apparently included therein by consent of the executors (respondents here), purporting to grant to appellants the right to institute a contest of the will and codicil, granted appellants no rights in addition to those which they possessed under the statute. By filing the contest within the statutory period, it cannot be held that appellants jeopardized their position before this court upon the appeal from the decree admitting the codicil. If by their petition they are seeking to re-litigate any questions which have already been litigated and determined against them, respondents have their remedy in the proceeding pending before the superior court. The controversy has not ceased; the utmost which can be contended is that appellants are seeking to a second time wage all or portions thereof. It cannot be held that appellants have availed themselves of the decree in such a manner or to such an extent as to prevent a hearing on the appeal therefrom.

The motion to dismiss the appeal is denied.

Appellants contend that the codicil was not offered for probate until August, 1933, three years after the will was admitted, and that therefore the petition for the probate of the codicil should be held to be a contest of the will. We find it unnecessary to pass upon

this question. If the petition to admit the codicil was, in fact and in law, a contest, then it would be governed by Rem. Rev. Stat., § 1385 [P. C. § 10017], requiring such contest to be initiated within six months following the probate of the will.

As hereinbefore pointed out, the will and the codicil were filed at the same time in the office of the clerk and were numbered in the same cause. The petition for the probate of the will does not refer to the codicil, nor is the codicil mentioned in the decree admitting the will to probate. The petition to take the deposition of the subscribing witnesses and the order made thereon do not seem in any way to affect the questions here involved further than to show that the proponent of the will at all times had the codicil in mind.

The statute, Rem. Rev. Stat., § 1379 [P. C. § 10048], requires any person having the custody or control of a will to deliver the same to the superior court having jurisdiction and also requires that the will be presented to the proper court for probate. The will and the codicil were delivered to the superior court at one and the same time in compliance with the statute. The will and the codicil, being part of the record, were before the court and presumably known to the court when the decree was entered admitting the will to probate.

Rem. Rev. Stat., § 1380 [P. C. § 10049], contains this provision:

"Applications for the probate of a will and for letters testamentary, or either, may be made to the judge of the court having jurisdiction and the court may immediately hear the proofs and either probate or reject such will as the testimony may justify. Upon such hearing the court shall make and cause to be entered a formal order, either establishing and probating such will, or refusing to establish and probate

the same, and such order shall be conclusive as against all the world except in the event of a contest of such will as hereinafter provided. . . ."

We cheerfully assume for present purposes, as argued by the respondent, that the petition for probate of the will and the filing of the will and the codicil therewith conferred upon the court jurisdiction to pass upon both the codicil and the will and to admit the will, with or without the codicil, according to the proof. We have, then, this situation at the time the decree admitting the will to probate was entered:

The proponents knew of the existence of the will and of its terms, they knew of the existence of the codicil and its terms and knew that, if the codicil were admitted to probate, it would modify the terms of the will. The court who entered the decree at least technically knew the same facts. With full knowledge, therefore, when the petitioner voluntarily asked the court to admit the will without the codicil, he, either properly or mistakenly, abandoned and waived the right to have the will modified in its terms by the terms of the codicil, and by his own act induced the court to enter a judgment which, under the provisions of Rem. Rev. Stat., § 1380 [P. C. § 10049], already quoted, was final and conclusive against the whole world, except only in the event of a statutory contest, and must certainly be held to be final and conclusive as against all existing facts then known to the proponent and before the court.

If the petitioner acted mistakenly in inducing the court to enter its decree admitting the will to probate, then our statute, Rem. Rev. Stat., §§ 303 and 464 [P. C. §§ 8336, 8130], *et seq.*, gave him the right within one year to petition for the vacation or modification of that judgment. Not having followed the statutory remedy provided for the rectification of

mistakes and having made no attempt to set aside the decree admitting the will to probate, that decree must now stand as entered. *In re McKeever's Estate,* 48 Wash. 429, 93 Pac. 916; *State ex rel. Neal v. Kauffman,* 86 Wash. 172, 149 Pac. 656; *In re Nilson's Estate,* 109 Wash. 127, 186 Pac. 268; *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734; *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338; *State ex rel. Northern Pac. R. Co. v. Superior Court,* 101 Wash. 144, 172 Pac. 336; *Valley Iron Works v. Independent Bakery,* 171 Wash. 349, 17 P. (2d) 898.

There are cases such as *Waters v. Stickney,* 12 Allen (Mass.) 1, 90 Am. Dec. 122, which seem to recognize that a decree admitting a will to probate may be later modified or set aside, but no authority has been cited, and we have found none, which holds that statutes such as ours, limiting the time within which a judgment may be set aside on the ground of mistake or fraud, may be disregarded.

Much has been said as to the duty of the court to carry into effect the wishes of the testator. That is indeed true and important, but if the wishes of the testator are in any wise defeated here, the responsibility cannot be charged to the law or to the courts.

Reversed, with directions to dismiss with prejudice the petition to admit the codicil to probate.

MAIN, MITCHELL, and HOLCOMB, JJ., concur.

STEINERT, J. (concurring in the result)—I concur in the result, under the particular facts of this case. However, I am of the opinion that if, after the probate of a will, a subsequent will or a codicil to a former will be discovered, then the probating of the former will does not operate to estop the beneficiaries under the subsequent will or codicil from having the same probated, provided that proceedings for that

purpose be instituted prior to the entry of a decree of distribution of the estate.

MILLARD, C. J., concurs with STEINERT, J.

BEALS, J. (dissenting)—The majority hold that the trial court erred in admitting the codicil to probate because of the provisions of Rem. Rev. Stat., § 1380 [P. C. § 10049], quoted in the majority opinion, and because of Rem. Rev. Stat., §§ 303 and 464 [P. C. §§ 8336, 8130], giving the right to petition for vacation or modification of a judgment within one year after its entry. As so clearly stated in the majority opinion, the codicil was presented to the court with the will, and was presumably known to the court when the decree admitting the will to probate was entered. For my part, I incline to the view that the offering for probate of a later will does not constitute a contest of an older will theretofore probated, within the intent of the statute, but this question, in view of the majority opinion, need not here be discussed.

I am also of the opinion that § 1380, *supra,* which provides that the order probating or refusing to probate a will "shall be conclusive as against all the world except in the event of a contest of such will as hereinafter provided," does not bar the subsequent offer for probate of a will later in point of time than the one previously established. In connection with this phase of the case, it must always be remembered that, in addition to the parties who may, on the one hand, take under a will, or on the other hand, lose what they would have received under the law had the deceased died intestate, there is always one other party whose wishes, if expressed with due legal formality, must receive the highest consideration, to-wit, the testator. This doctrine is well stated in Rood on Wills (2d ed.), § 413, p. 352, as follows:

"It has been declared a fundamental maxim, the first and greatest rule, the sovereign guide, the polar star, in giving effect to a will, that the intention of the testator as expressed in the will is to be fully and punctually observed so far as it is consistent with the established rules of law."

Of course, effect can be given to a will only if it be admitted to probate. The right to dispose of one's property by will is recognized and protected by the law to the fullest extent. Courts go to the utmost possible length to carry into effect the testator's wishes, provided always that he has given them lawful expression. It is not only the testator's will which must be given effect, but it is his last will which must prevail. Where possible, the last will of a competent testator will be upheld, and courts will not, by technical rules of statutory or other legal construction, defeat the right of the testator to have effect given to the latest expression of his testamentary wishes.

One named in a will as a beneficiary has no vested right thereunder until by legal proceedings such rights have been definitely established and been rendered effective by appropriate due process of law. The mere making of a later will revokes any prior will, and by the lawful execution of a codicil, the testator makes the same a portion of the testament to which the same is supplementary. The testator's will is then the will proper together with the codicil, and the two stand together as one document. *Lee v. Lee,* 45 Ind. App. 645, 91 N. E. 507; *In re Plumel's Estate,* 151 Cal. 77, 90 Pac. 192, 121 Am. St. 100; *In re Dutton's Estate,* 301 Pa. 94, 151 Atl. 697; *Patterson's Executor v. Dean,* 241 Ky. 671, 44 S. W. (2d) 565; *Des Portes v. Des Portes,* 157 S. C. 407, 154 S. E. 426; *De Campi v. Logan,* 95 W. Va. 84, 120 S. E. 915; *Joiner v. Joiner,* 117 Miss. 507, 78 So. 369; Thompson's Construction of Wills, § 101, p. 605.

No person has any interest in the property of the estate of a decedent until that property is distributed after proceedings which, under the statute, constitute due process of law. In the administration of an estate of one dying intestate, a claim of heirship may be presented at any time prior to the entry of a decree of distribution, and in my opinion a later will or codicil may be offered for probate and, if proven, be admitted to probate at any time prior to the closing of the estate.

Statutes should not be construed so as to defeat the will of the testator, unless such construction be absolutely required. Neither should the will of a testator be defeated, as here, by the carelessness of the persons whose duty it was to present the codicil for probate. It is not their rights which are taken away, but the right of the testator to have his will carried out. One could be well content if the only result of such negligence as is disclosed by the record in the case at bar were to deprive the negligent person of some property right. But such is not the case. Under the doctrine of the majority opinion, the will of a testator, expressed with all due formality, may be defeated either by fortuitous events, mere carelessness or indifference of someone, whether interested or not in the result, or even by the malevolent design of one seeking indirect or even direct advantage.

I am convinced that a court of probate has inherent authority at any time while an estate is still open to admit to probate a later will than that theretofore probated. Without such authority, the probate court lacks that complete jurisdiction with which, in my opinion, it is invested by the necessities of the situation.

The majority opinion stresses the knowledge of the codicil possessed by the proponents at the time the

will was admitted, and holds that the petitioner abandoned and waived the right to have the will modified by the admission of the codicil and induced the entry of a judgment which is final and conclusive as against all existing facts then known to the proponents and before the court. It seems to me that the knowledge or lack of knowledge on the part of the proponents is immaterial, nor do I believe that the petitioner had any right, which he could waive, to have the will modified. The probate court should be concerned primarily and sincerely with the wishes of the testator, to which he has given lawful expression. No one can waive *his* rights or by conduct afford a basis for an estoppel which will defeat the testator's will, however such an estoppel might operate as against other persons. In my opinion, neither statute relied upon by the majority applies to such a situation as is here presented.

A case of importance in connection with the questions here presented is that of *Waters v. Stickney*, 12 Allen (Mass.) 1, 90 Am. Dec. 122. The opinion, written by Judge Gray, discusses many authorities, and is of great interest. It appeared that one John Waters died in June, 1851, and that within a month thereafter his will was admitted to probate. During the year 1865, and after the death of the testator's widow, the executor presented for probate a codicil to the testator's will, which had been written on the back thereof and inadvertently omitted in the probate. The codicil, having been regularly executed and attested, was by the lower court admitted to probate. On appeal, this decree was affirmed by the supreme judicial court, it being noted that the English authorities recognized the production of a later will as a sufficient cause for revoking a decree in solemn form establishing a will. The court discussed the authority of the probate court to revoke its own decrees and referred to the situation

which occurs when a will is discovered after the grant of letters of administration as of an intestate. The case of *Clark v. Wright,* 3 Pick. (Mass.) 67, is cited, in which a will alone had been admitted to probate in the court below, a codicil having been fraudulently torn off. Under the practice then in force, the appellate court established the codicil. The case of *Stetson v. Bass,* 9 Pick. (Mass.) 30, is also cited, in which the court said:

"We think there can be no doubt of the right and authority of a judge of probate to open an account settled, for the purpose of correcting a manifest mistake."

Many other cases are cited, in which the authority of probate courts to correct errors in their decrees had been upheld. The court says:

"A court of probate has no more power by a decree establishing one testamentary instrument to preclude the subsequent probate of a later one never before brought to its notice than by a decree approving one account to discharge an administrator from responsibility for assets not actually accounted for."

Finally, the court said:

"In the face of these authorities it is impossible to deny the power of a court of probate to approve a subsequent will or codicil, after admitting to probate an earlier will by a decree the time of appealing from which is past; or to correct errors arising out of fraud or mistake in its own decrees. This power does not make the decree of a court of probate less conclusive in any other court, or in any way impair the probate jurisdiction; but renders that jurisdiction more complete and effectual, and by enabling a court of probate to correct mistakes and supply defects in its own decrees, better entitles them to be deemed conclusive upon other courts. There is no reason to apprehend that such a power may be unjustly exercised. It is vested in the same court which is intrusted with the original jurisdiction over all probates and administra-

tions. No decree admitting a later instrument to probate, or modifying or revoking a probate already granted, can be made without notice to all parties interested; every party aggrieved by the action of the probate court has the right of appeal to this court; and an application of this nature, when one will has already been proved, would never be granted except upon the clearest evidence. The new decree would not necessarily avoid payments made or acts done under the old decree while it remained unrevoked: *Allen v. Dundas,* 3 T. R. 125; *Appeal of Peebles,* 15 S. & R. 39; *Kittredge v. Folsom,* 8 N. H. 98; *Stone v. Peasley's Estate,* 28 Vt. 720; 1 Williams on Executors, 520, 522. . . .

"If the codicil had been on a separate paper, not known to the parties at the time of the probate of the will, but now recently discovered, there could be no doubt of the power and the duty of the probate court to admit it to probate. The fact that it is on the same paper does not change the reason of the thing, as it has never in fact been passed upon by the judge of probate."

The supreme court of the United States, in the case of *Gaines v. Hennen,* 65 U. S. 553, laid down the rule that

"Courts of probate may for cause recall or annul testamentary letters, but they can neither destroy nor revoke wills; though they may and often have declared that a posterior will of a testator shall be recognized in the place of a prior will which had been proved, when it was not known to the court that the testator had revoked it. Such is exactly this case. The Supreme Court decreed that the will of Daniel Clark, dated New Orleans, July 13, 1813, as set forth in the plaintiff's petition, should be recognized as his last will and testament, and the same was ordered to be recorded and executed as such, *with the declaration,* that admitting the will to probate does not conclude any one who may desire to contest the will with the applicant in a direct action. The decree of the court in that particular is the law of the case."

554

The supreme court of Tennessee, in the case of *Murrell v. Rich,* 131 Tenn. 378, 175 S. W. 420, referring to an application for probate of a later will, said:

"The latter proceeding does not in any respect question the correctness of the judgment rendered by the probate court in the former proceeding. The paper here involved does not speak as the will until established. by the judgment upon the issue *devisavit vel non;* nor does that judgment assail, collaterally or otherwise, the correctness of the proceeding or the judgment for the probate of the Clarendon will. The judgment probating the will here involved on the issue *devisavit vel non* in the circuit court, if that judgment shall be affirmed, may, in connection with the revocatory clause of the will, render null the Clarendon will. But this result does not flow from any collateral attack made either upon the proceedings or judgment which established the Clarendon will. It flows from the law which gives vitality and force to the last testamentary act of the testator."

In the case of *Bowen v. Johnson,* 5 R. I. 112, 73 Am. Dec. 49, the court said:

"The cases of *Campbell v. Logan,* 2 Bradford's Surrogate (N. Y.) Rep. 90, and of *Schultz v. Schultz,* 10 Gratt. (Va.) Rep. 358 (60 Am. Dec. 335), cited by the appellant, are not only in point as to the exercise by courts of probate of the power of revoking the probate of a former will, as incidental to taking probate of a later one of the same testator, under legislation similar to our own, but, as we understand them, to do this upon a mere application to prove the later will. Without deciding, therefore, that such power of revocation may not be exercised upon a direct application to the court for that purpose, we have come to the conclusion that it may be exercised upon a mere application to take probate of, or to allow to be filed and recorded a copy of, the later will, as incidental thereto; and that upon the ground of misdirection in this particular, a new trial must be granted to the appellant in this cause."

In the state of California, it has been held that the offer of a later will is not a contest of an earlier will already admitted to probate. *In re Moore's Estate,* 180 Cal. 570, 182 Pac. 285. The California court refers to the different rules which have been adopted in different states and calls attention to the apparent approval by this court of the rule assumed in *State ex rel. Wood v. Superior Court,* 76 Wash. 27, 135 Pac. 494.

The rule is stated in 1 Bancroft's Probate Practice, § 136, pp. 249, 250, as follows:

"While, as revealed by the two preceding sections, the rule as to collateral attack and equitable relief is strict, there is, however, one situation which may be regarded as an exception, and an anomalous one, to the general rule as to the conclusiveness of the decree admitting a will to probate. It is stated above that the decree adjudicates that the will is the last will and testament of the decedent. Nevertheless the general rule seems to be that courts of probate have inherent power to set aside their own orders admitting wills to probate upon the discovery of later and inconsistent wills."

This court has held that a decree of distribution cannot later be attacked, even though based upon an erroneous assumption of fact. Such decree entered after the giving of the notice required by law constitutes due process and is binding upon all the world. A decree admitting a will to probate, entered *ex parte* without notice, stands upon an entirely different footing, and, while it is a decree of the court, there inheres therein, both by statutory and common law, the possibility of attack, which may require that the decree be modified or set aside.

While in the jurisdictions whence came the authorities which I have cited no statutes exactly like ours may be in force, doubtless other laws establishing the finality of judgments were in effect which correspond to those of our state.

556

The questions presented in this case are manifestly of great importance. In my opinion, no technical rule of statutory construction should operate to defeat the testator's will and it should be held that the trial court had jurisdiction to admit the codicil to probate, even though over a year had elapsed after the entry of the decree establishing the will; the superior court having jurisdiction to in effect modify its prior decree upon a later testamentary expression of the will of the deceased being called to its attention.

I accordingly dissent from the conclusion reached by the majority.

BLAKE and GERAGHTY, JJ., concur with BEALS, J.