190 P.2d 434

**STITT v. COX et al.**

No. 5058.

Supreme Court of New Mexico.

Jan. 31, 1948.

Rehearing Denied March 23, 1948.

J. B. Newell, of Las Cruces, for appellant.

Holt & Holt, of Las Cruces, for appellees.

COMPTON, Justice.

Appellees, James W. Cox and Fannie C. Cox, father and mother respectively of William W. Cox, deceased, on September 18, 1946, filed their petition to revoke the last will and testament of the said William W. Cox, deceased, which was admitted to probate on the 8th day of March, 1946.

The petition alleged that on the 28th day of January, 1942, the said William W. Cox made his last will and testament, devising and bequeathing all his property to his wife, Ruth Elaine Cox; that thereafter, on July 10, 1944, Ruth Elaine Cox secured a divorce from the said William W. Cox and was thereby restored to the use of her maiden name, Ruth Elaine Stitt; that immediately following divorce, and pursuant to previous agreements, the parties consummated a property settlement, present and prospective, and that it was the intention of the parties, when the divorce was granted, and property rights were adjusted, that the will should no longer be effective. It further alleged that on May 13, 1945, the said William W. Cox died without issue and that appellees were the heirs of the deceased and entitled to his estate. Judgment was asked accordingly.

Motion to dismiss on the grounds (1) that the petition was not timely filed, and (2) that the will was not revoked by the method provided by law, was overruled, whereupon appellant answered, denying that it was the intention of the parties that divorce and property settlement should render the will ineffective, and as an affirmative defense re-pleaded the grounds theretofore asserted in the motion to dismiss.

Appellant contends that appellees are barred from maintaining this action, as it was not commenced within six months from the date of probate; and that the statute provides the exclusive method whereby a will may be revoked. On the other hand, appellees contend that this is not a will contest, but a proceeding to determine the heirs of the deceased and the ownership of his estate; that divorce and property settlement impliedly revoke a will, and being thus revoked, the statute is not a bar to the suit.

26

The trial court treated the proceeding as one to determine heirship. Judgment was entered revoking the will and decreeing that appellees were the heirs of William W. Cox, deceased, and entitled to his estate, from which appellant brings this appeal.

The pertinent statutes are:

"When a will has been approved, any person interested may at any time within six (6) months after such probate, contest the same or the validity of the will. For that purpose he shall file in the court in which the will was proved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked." 32-212, N.M. Sts.1941 Comp.

"If no person shall, within *six* (6) *months* after the probate, contest the same, or the validity of the will, or if on such contest the will is sustained, the probate of the will shall have the same effect as a final decree in chancery." Ch. 14, Laws 1943, N. M.Sts.

"Any will may be revoked by the testator by an instrument in writing, executed and attested in the same manner as is required by law for the execution and attestation of a will, by which instrument the maker distinctly refers to such will and declares that he revokes it; or such will may be revoked by the making of a subsequent valid will disposing of the same property covered by the first will, although no reference be made in the later will to the existence of the earlier one." 32-108, N.M.Sts.1941 Comp.

It clearly appears that a proceeding to revoke a will and determine heirship, is a direct attack upon the judgment admitting the will to probate, and falls within the inhibitions of Section 32-212, supra. Whether the proceeding be one to contest or revoke a will, its effectiveness, if sustained, is to annul and set aside the judgment admitting it to probate.

There exist various methods of direct attack upon the order admitting wills to probate.

2 Page, Wills (Permanent Edition, Par. 672) the author says: "The most common form of direct attack are appeal, error, contest, *application to revoke the order of probate* * * * these methods of direct attack are provided for, usually by statute, and they are the methods which the law has given in order to revoke the order admitting the will to probate." (Emphasis ours.)

"If the time within which application for revocation of probate may be made, is fixed by law, the application must be made within that time." 2 Page, Par. 679, Op. cit., supra.

At 68 C.J. 925, this language is used: "Modern statutes generally provide for at-

tack on probate by means of a bill or by an action to contest the will, this remedy being provided in some jurisdictions in addition to proceeding to contest prior to probate or in opposition to probate. It is a new, substantive, and independent right, *provided it is exercised within the period prescribed.* * * * the right to contest a will is not a right at common law, but a right conferred solely by statute which affords the exclusive mode of setting aside a will; and the statute being in derogation of common law, must be strictly construed * * * and so the proceeding, being purely statutory, can only be brought and successfully maintained in the court *within the time and on the grounds prescribed* in and by the statute which authorized such action." (Emphasis ours.) Cf. Sanders v. Sanders, 52 Ariz. 156, 79 P.2d 523; In re Estate of Dunsmuir, 149 Cal. 67, 84 P. 657; Camplin v. Jackson, 34 Colo. 447, 83 P. 1017; Renwick v. Macomber, 233 Mass. 530, 124 N.E. 670; Bronson v. Bronson, 185 Wash. 536, 55 P.2d 1075, 107 A.L.R. 238.

In Re Martinez' Will, 47 N.M. 6, 132 P.2d 422, it was held that the right to attack the validity of a will, after probate, was conferred by statute, and that its provisions must be strictly construed. See also In re Towndrow's Will, 47 N.M. 173, 138 P.2d 1001.

It is seen that an order admitting a will to probate, after lapse of time allowed to have it annulled or set aside, becomes final as to all parties where jurisdiction is acquired, and is conclusive as to its validity, viz., that the will is that of the deceased. Lack of jurisdiction is noted in cases of pretermitted children and cases where the testator may be living at the time of probate of his will.

Appellees have presented many strong authorities supporting the rule that divorce and property settlement impliedly revoke a will of the spouses but the conclusion we have reached renders unnecessary a discussion of this question.

We are of the opinion that appellees' failure to contest the will or its validity within the time allowed by statute is a bar to this proceeding, and the trial court erred in overruling appellant's motion to dismiss. For that reason, the judgment will be reversed, with directions to the trial court to reinstate the case upon its docket and enter an order dismissing appellees' petition, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.